The inhabitants of the town of NEWTOWN *against* The inhabitants of the town of DANBURY.

The " matter in dispute," which determines the jurisdiction of the superior court, is the demand stated in the declaration, and not the claim, made and proved, by the plaintiff, on the trial.

In an action brought by one town against another, for supplies furnished, by the former, to a pauper of the latter, the exhibition of an account specifying the advancements made, previous to the commencement of the action, is unnecessary ; reasonable notice and demand, which are matters of fact for the consideration of the jury, being sufficient.

If the select-men of a town, against whom a claim is made for the support of a pauper, deny that such town is bound to support that pauper, it is an implied waiver of particular notice.

The mother of a pauper's husband, and his daughter by a former wife, being relations by *affinity* only, are not legally bound, in any case, to support such pauper.

Relations, whose duty is, by law, to support a pauper, cannot be subjected, at the suit of a town, in which the pauper has no settlement ; nor can they be subjected, in *any* suit, for expenses *previously* incurred : the only mode of enforcing the duty, being by order of the county court, operating *prospectively.*

In an action against a town, for the support of *S.* the wife of *C.,* who were inhabitants of such town, but had not been chargeable as paupers, the defendants prayed the court to instruct the jury, that if they should find, that *C.* was of sufficient ability to reimburse the expense incurred for his wife's support, their verdict must be for the defendants.   The court instructed the jury, " that the question was, whether *S.* needed relief, at the time when it was afforded ; but in determining this question, it was competent for the jury to consider the situation of her husband as to property, his responsibility, and the probability or possibility of her necessities being supplied upon his credit." After a verdict for the plaintiffs, it was held, that the jury, under this direction, must have found, that *C.* had neither *property* nor *credit ;* and that *S.* his wife, for this and other reasons, *needed relief.*

THIS was an action of *assumpsit,* to recover the sum of 75 dollars, expended by the plaintiffs, for the necessary support of *Sally Clark,* the wife of *Adam S. Clark.*   The declaration stated, that said *Sally,* being an inhabitant of the town of *Danbury,* having a legal settlement therein,  providentially became poor, and incapable of supporting herself, and, having no relation of sufficient ability by law bound  to support her, was cast upon the town of *Newtown ;* and the select-men thereof paid out for her boarding, washing, clothing and nursing, from the 1st of *November,* 1816, to the  1st of  *November,* 1818, the sum  above-mentioned ;  of  which the defendants had notice, at *Danbury,* on the 20th of *November,* 1818.   Af-

*June 28.*

*Fairfield,*
*June,*
1821.

Newtown
*v.*
Danbury.

ter stating a promise and breach, the declaration concluded, " to the damage of the plaintiffs the sum of 100 dollars."

The cause was tried at *Fairfield, December* term, 1819, before *Bristol,* J.

On the trial, the plaintiffs introduced evidence to shew, that they had expended, for the support of *Sally Clark,* the sum of 23 dollars, 67 cents ; and introduced no evidence of, and made no claim for, any further expenditure.    The defendants thereupon moved the court to erase the cause from the docket, or remit it to the county court for trial, from which it had been appealed by the plaintiffs.    The court denied the motion, and directed the trial to proceed.

The plaintiffs claimed to have proved, that *Sally Clark* was found in the town of *Newtown,* in a destitute condition, partially deranged, and in want of immediate relief, which the plaintiffs furnished ; that they applied to the select-men of *Danbury,* informed them of the disbursements so made, and demanded payment ; that the select-men of *Danbury* wholly refused payment, insisting that their town was not bound to support the pauper.    The plaintiffs, also, claimed to have proved, that *Adam S. Clark,* the husband of *Sally,* was not of sufficient ability to support her, but was destitute of property and credit.    The defendants adduced evidence to shew the ability of *Adam S. Clark.*    They also offered to prove, by competent testimony, that *Hannah Clark,* the mother of *Adam S. Clark,* and *Sally B. Clark,* his daughter by a former wife, were living in *Danbury,* possessed of sufficient property to support him and his wife.    This testimony being objected to, the court excluded it.

The defendants, admitting that *Sally Clark* was lawfully married to *Adam S. Clark,* and that *he* was an inhabitant of *Danbury,* prayed the court to instruct the jury, that as it was not claimed, that he or his wife had ever been actually chargeable to *Danbury* as paupers, if they should find, that he was of sufficient ability, so that the plaintiffs could have recovered of him their expenditures, they ought to return a verdict for the defendants.    The defendants further insisted, that to entitle the plaintiffs to recover, they must prove, that after the expenditures, and before the institution of this suit, the plaintiffs had exhibited to the select-men of *Danbury* a bill or account of such expenditures, and demanded payment ; and prayed the court so to instruct the jury.    On this point, the

court charged the jury, " that if the plaintiffs applied to the select-men of *Danbury*, and demanded payment of the expence incurred for the support of *Sally Clark*, and they refused to pay any thing whatever on that account, denying their liability to pay for her support; no presentment of any account was necessary to enable the plaintiffs to sustain this action." As to the ability of *Adam S. Clark* to reimburse the expence incurred by the plaintiffs, the court instructed the jury, " that the real question upon this part of the case, was, whether *Sally Clark needed relief*, at the time when it was afforded, within the meaning of the law; but in determining this question, it was competent for the jury to consider the situation of her husband as to property, his responsibility, and the probability or possibility of her necessities being supplied upon his credit; and if the jury should find, that the expenditures had been demanded and refused, and that *Sally Clark* needed relief, at the time it was afforded, they ought to find the issue for the plaintiffs; but if they should find, that a demand and refusal had not been proved, or that *Sally Clark* did not need relief, at the time it was afforded, they ought to find the issue for the defendants."

The plaintiffs having obtained a verdict, the defendants moved for a new trial, on the ground that the evidence offer-.ed by them, was improperly rejected, and that the charge was incorrect. The questions arising on this motion were reserved for the advice of all the Judges.

*Daggett* and *M. B. Whittlesey*, in support of the motion, contended, 1. That the superior court had not jurisdiction of the cause, the plaintiffs' claim being only 23 dollars, 67 cents. Where the action is general in its nature, the claim made, and proved, or attempted to be proved, on the trial, is " the debt, damage or matter in dispute," and must determine the jurisdiction of the court. Suppose that in an action of *indebitatus assumpsit*, there is a count for 100 dollars, and the evidence is a due-bill of 15 dollars; will not the court dismiss the cause? In this class of actions, it is necessary to look at the claim of the plaintiff, *as exhibited*, in order to ascertain *the matter in dispute*.

2. That the plaintiffs could not recover, without shewing that they had exhibited their account for supplies furnished, and demanded payment. These supplies were not furnished

*Fairfield,*
*June,*
*1821.*

*Newtown*
*v.*
*Danbury.*

at the defendants' *request ;* and the defendants ought to be presented with a bill of them, that they may, from seeing the items, the amount, and the object, be enabled to judge of the reasonableness and justice of the claim.    It has been the uni-form practice of our courts to require, in cases like the pres-ent, an exhibition of the account, before the commencement of the action.    Then, was there any sufficient reason, in this case, for dispensing with the exhibition of the account?    In the first place, the select-men of *Danbury* did not, in fact, waive, or attempt to waive, any right of the town relating to this subject.    By insisting on one ground of defence, which they deemed sufficient, they neither explicitly, nor implicitly, relinquished any other ground.    But, secondly, whatever the select-men may have said, they could not waive the rights of the town.    An express acknowledgment of the select-men will not bind the town.

3. That the the testimony offered by the defendants, to shew, that the mother and daughter of *Adam S. Clark* were of sufficient ability to support him and his wife, ought to have been received.    [This point was yielded, by one of the counsel, and was not much pressed, by the other.]

4. That the ground of the defendants' liability for the sup-port of *Sally Clark*, was imperfectly and incorrectly stated to the jury.    The charge ought to have been this : If you find that *Adam S. Clark* was a pauper—or was such a person as towns are by law bound to support—your verdict will be for the plaintiffs.    The law has not placed the liability of a town for the support of a person claimed to be a pauper, on such narrow ground as that assumed in the charge.

*N. Smith* and *Sherman*, contra, contended, 1. That the superior court had jurisdiction of the cause.    The plaintiffs alleged in their declaration, that they had expended 75 dol-lars, for the support of *Sally Clark*.    On the trial, they prov-ed an expenditure of 23 dollars, 67 cents, and no more.    Would it not be a novel practice for the court to interfere, and erase the cause from the docket, because the plaintiffs had failed to establish the *whole* of their demand ?    The '' debt, damage or matter in dispute,'' *stated in the declaration,* is that alone which determines the jurisdiction of the court.    This rule is plain, certain and convenient.    But it would be very absurd, and very inconvenient, to try a cause *on the*

*merits*, to ascertain whether the court could take cognizance of it. An account in book-debt, or a specialty in an action on it, when shewn on oyer, becomes a part of the declaration.

2. That the notice given, and demand made, were sufficient. In the first place, every thing necessary, in any case, for this purpose, was done. Notice *in writing* is not necessary. No particular *form* is required. No rule of law requires *a specification of the items*. If the defendant is apprised of the plaintiff's claim, it is sufficient. In the present case, this was done ; and payment was demanded. But, secondly, the defendants, by their own conduct, waived, or dispensed with, further notice. They met the demand of the plaintiffs, with a denial of their liability for the pauper's support. The case is analogous to that of an informal tender ; where an objection on other grounds, has been held to be a waiver of the informality. 1 *Esp. Dig.* 300. (*Gould's* ed.)

3. That the testimony offered by the defendants, to shew the ability of the pauper's mother-in-law and daughter-in-law, was properly excluded. First, relations *by affinity* are not, in any case, liable. Secondly, if these relations were liable, the town of *Newtown* could sustain no action against them ; the only remedy being by order of the county court, on application made to them, for that purpose, by the select-men of the town in which the pauper is settled, or by some of the pauper's relations. 1 *Stat. Conn. tit.* 88. *c.* 1. *s.* 1. 2. 3. *Wethersfield* v. *Montague*, ante 507. Thirdly, if these obstacles were removed, *Newtown* would not be *obliged* to resort to the relations ; but might " bring any proper action at common law" against *Danbury*, for a reimbursement of the expense incurred. 1 *Stat. Conn. tit.* 91. *s.* 11.

4. That the charge was correct in relation to the ability of *Adam S. Clark*. The claim of the defendants was substantially complied with. The situation of the pauper's husband as to property, his responsibility, and the probability or possibility of her necessities being supplied upon his credit, were distinctly submitted to the jury, as matters proper for their consideration, in deciding the general question, whether the pauper needed relief, at the time when it was afforded.

HOSMER, Ch. J. This is an action of *assumpsit*, for necessary supplies, administered to *Sally*, the wife of *Adam S. Clark*, a settled inhabitant of *Danbury*.

*Fairfield,*
*June,*
*1821.*

Newtown
*v.*
Danbury.

Four objections have been made to the determination of the court below.

It is, in the first place, contended, that for want of jurisdiction, the superior court should, *ex officio,* have ordered the cause to be stricken from the docket, on the ground that the matter in demand did not exceed seventy dollars. The declaration avers, that supplies had been advanced to the pauper, amounting to 75 dollars ; and the sum of 100 dollars is demanded in damages ; but the evidence shewed an advance of 23 dollars, 67 cents, only. To warrant the official interposition of the judge, in the manner requested, the matter in demand *on the declaration* must have been below the jurisdiction of the court. Now, the declaration is clearly on a subject matter within the cognizance of the court ; and the objection is founded, exclusively, *on the testimony ;* which has never been considered a test of jurisdiction. The cases that have been decided relative to bonds, notes, book debts, and indeed to specialties of every description, have no bearing on the present question. They form a part of the declaration ; and when oyer is demanded of them, and they are exhibited, the court regard them as if they had been recited. To sustain the objection now made, *a new principle* must be adopted, rendering it requisite to dismiss every cause, in which the proof of the sum recoverable, should fall below 70 dollars.

It is next objected, that the items of supply were not exhibited to the select-men of *Danbury,* and of consequence, that there have not been legal notice and demand. I am aware, that an account, specifying the advancements made, has been held, by the superior court, in some instances, as indipensible ; but this practice was founded in misconception. The law requires reasonable notice and demand only ; and these are merely matters of fact for the consideration of the jury, and not of law for the determination of the court. Any evidence convincing the mind, that the notice has been given, and the demand made, in an intelligible manner, so that the select-men are fully apprised of what they are called on to answer, is in law sufficient ; and reasonable notice and demand, at common law, have always been considered as proved by parol testimony only.

If the law had required the exhibition of notice and demand in writing, my opinion on this point would not be varied.

The rule requiring notice, is founded in good reason, and was introduced for the defendant's benefit. The defendant, as a consequence, may always waive this privilege, on the established principle, that *Quis-quis potest renunciare juri pro se introducto.* The waiver may be express, or implied ; and, as the select-men of *Danbury*, the agents of the town, and vested with full powers on this subject, explicitly declared, on the demand made by the plaintiffs, " that *Sally* was not the wife of *Adam S. Clark*, and *Danbury* was not bound to support her," they placed their defence *on this ground*, and impliedly waived particular notice. It was equivalent to saying, " We care not for the advancements you have made, nor wish to know what they are ; they do not concern us ; and we shall not pay your demand." It is equivalent to the waiver of goods and money tendered, when the creditor refuses to receive them ; and this is unquestionably legal, if the debtor was able to substantiate his offer, although the money or goods were not produced. 1 *Selw. N. P.* 171. *Searight* v. *Calbraith*, 4 *Dall.* 325. On the same principle, a tender in bank notes has been held sufficient, if the creditor did not object on that account. 1 *Selw. N. P.* 172.

The judge repelled testimony offered to shew, that the mother of *Adam S. Clark*, and his daughter by a former wife, were of ability to support him and his wife ; and this raises a third objection. The decision of the judge was undoubtedly correct. These persons were not bound to administer any support, to *Sally Clark*, their relative by *affinity* only ; and if they had been, their obligation would be, not to pay *Newtown*, but to reimburse *Danbury ;* and what is perfectly decisive, they could only be compelled to advance such sums as the court prospectively should order, but not to pay any pre-existing demand. *Tubb* & al. v. *Harrison* & al. 4 *Term Rep.* 118. *Cooper* v. *Martin*, 4 *East* 76. *Edwards* & ux. v. *Davis*, 16 *Johns. Rep.* 281. *Wethersfield* v. *Montague* & al. ante 507. At common law, the duty of a person to support even his natural relation, is of imperfect obligation only, and cannot be enforced ; except that of a parent to maintain his offspring, until they arrive at maturity. Beyond this, the liability is created by statute, and to be effectuated only by application to the county court, pursuant to the statutory provisions.

*Fairfield,*
*June,*
*1821.*

*Newtown*
*v.*
*Danbury.*

This brings me to the last objection, which is, that for aught that appears, *Adam S. Clark* was of sufficient ability to supply his wife.　On this part of the case, the jury were informed, the real question was, whether *Sally Clark needed relief ;* in determining which question, " it was competent for them to consider the situation of her husband, as to his property and responsibility ; and the probability or possibility of her necessities being supplied upon his credit ; and that if the jury found said expenditures had been demanded and refused, and that *Sally Clark needed relief,* they ought to find for the plaintiffs."　Under this charge, the jury must have found, that *Adam S. Clark* had neither *property nor credit ;* and that *Sally,* his wife, for this and other reasons, *needed relief.*　Hence, the objection is in opposition to the fact, resulting, by clear implication, from the statement apparent on the motion.

I would not advise the granting of a new trial.

PETERS, BRAINARD, and BRISTOL, Js. were of the same opinion.

CHAPMAN, J. being interested as an inhabitant of the town of *Newtown,* gave no opinion.

New trial not to be granted.