SKINNER and another *against* BAILEY :

### IN ERROR.

In a suit in chancery, the value of the matter in demand, which determines the jurisdiction of the court, is to be ascertained by the claim made by the plaintiff in his bill, and not by the finding of the court.

Therefore, where a bill for the reconveyance of land, stated, that the defendant obtained a deed of such land from the plaintiff improperly, and without consideration, and that the land was of greater value than 400 dollars ; and the court did not find the value of the land, but only that a lease of it for the life of the plaintiff, was worth 200 dollars ; it was held, that the superior court had jurisdiction of the suit.

Where a bill in chancery stated, that the plaintiff made and acknowledged a deed of land to the defendant, with a view to deliver it, under an agreement with the defendant, that he would execute a lease thereof to the plaintiff during her life ; and that the defendant fraudulently procured the deed without the plaintiff's knowledge, and then refused to give the lease, and fraudulently conveyed the land to a third person ; and the court found, that the plaintiff conveyed the land to the defendant, by the deed, but found the other facts stated in the bill to be true ; it was held, 1. that upon the facts *found*, the interposition of a court of chancery was unnecessary, as the plaintiff could have no claim upon the land itself, having voluntarily conveyed it to the defendant, and so far as she was entitled to damages, she had adequate remedy at law ; 2. that upon the facts *stated*, she did not need the aid of a court of chancery, because according to her statement, no title passed to the defendant, and of course, he could convey none ; 3. that the principal fact stated being found against the plaintiff, she was not entitled to a decree in her favour, although other facts were found, which, if found on a bill adapted to the case, might be a ground of relief.

In a suit in chancery, the facts stated in the bill, constitute the only ground of relief.

THIS was a bill in chancery, brought by *Rhoda Bailey* against *Ira Skinner* and *Eunice Cone,* before the superior court, in which it was alleged, that said *Bailey* agreed to convey about sixteen acres of land in *Haddam,* to the said *Skinner,* in consideration of which *Skinner* was to give her a lease of the premises during her life ; that she immediately executed the deed, and soon afterwards acknowledged it, with a view to deliver it ; that *Skinner* fraudulently, and without her knowledge, procured such deed, and caused it to be recorded ; but that he has, at all times, refused to execute a life-lease, according to his agreement ; and that he afterwards combined with *Eunice Cone,* the other defendant, to injure the plaintiff, and conveyed the premises to said *Eunice,* who had full knowledge of all these facts. The land was averred to be worth 400 dollars. The bill sought a reconveyance of the premises and an injunction. There was also a general prayer for relief.

The facts charged in the bill were denied by the defendants. The court found the agreement for the deed and life-lease, as stated in the bill ; but also found, that the plaintiff conveyed the land to *Skinner,* by her deed ; and that *Skinner* fraudulent-

*Middlesex,*
July, 1829.

Skinner
*v.*
Bailey.

*Middlesex,*
July, 1829.

Skinner
*v.*
Bailey.

ly refused to give the lease, and fraudulently conveyed the premises to Mrs. *Cone.* The court further found, that Mrs. *Cone* had no knowledge of *Skinner's* fraud, and did not combine with him. As against *Skinner* the prayer of the bill was granted ; and it was decreed, that he should pay the plaintiff the sum of 200 dollars, which was found to be the value of the premises during the life of the plaintiff, with costs. To reverse that decree, the present writ of error was brought.

The case was now submitted without argument.

WILLIAMS, J. It is first objected, that the superior court had no jurisdiction. The bill states, that the defendant, *Skinner,* obtained the deed of the plaintiff, improperly and without consideration ; and that the land is of greater value than 400 dollars ; and prays a reconveyance. Upon the face of the bill, then, the case is within the jurisdiction of the superior court. But the court have not found the value of the land ; (only the value of a life estate in it ;) and it is claimed, that the averment of its value in the bill is not sufficient to give jurisdiction.

At law, the rule has been settled, by a long course of decisions, that the claim in the declaration gives the jurisdiction, not the sum actually found due ;—and these decisions have lately been recognized by this Court. *Newtown* v. *Danbury,* 3 *Conn. Rep.* 558. And the words of the statutes authorizing appeals and regulating the number of attorneys are very similar to the statutes giving jurisdiction in chancery to the superior court.

Appeals may be taken to the county courts, when *the sum demanded* exceeds 7 dollars ; and to the superior court, when *the debt, damage or matter* in dispute exceeds 70 dollars. *Stat.* 41. 51. Two attorneys are allowed when the sum in demand exceeds 40 dollars. *Stat.* 141.

The statute under which jurisdiction is claimed, in this case, gives it to the superior court in all cases, where *the value of the thing* or *matter* in *demand, exceeds* 335 dollars. *Stat.* 138.

When the statutes are so similar in phraseology, it is difficult to see why a similar construction should not be given to them ; and as in the three first cases, it is well settled, that the matter in demand is to be ascertained by the claim made by the plaintiff, the same principle must be adopted in the latter case.

This was done, by the superior court, many years since, in the case of *Pitkin* v. *Flowers,* 2 *Root* 42. The same principle

was recognized, by this Court, in *Griswold* v. *Mather,* 5 *Conn. Rep.* 436. There was, indeed, a difference of opinion in that case, *according to the report,*—upon the question whether the allegation of value was to be found in that bill. The whole discussion on this point proceeded upon the principle, that if such an allegation was in the bill, the court would have had jurisdiction. And in the more recent case of *Judd* v. *Bushnell,* 7 *Conn. Rep.* 209., *Pitkin* v. *Flowers* is recognized as law. The superior court, therefore, had jurisdiction.

It is said, in the next place, that there is adequate remedy at law. If we take the facts *found* by the court, and consider the decree thereon as the proper decree, it is certainly difficult to see what necessity is shown for the interposition of a court of chancery. There is no claim that any other than the ordinary common law proof is wanted ; and if the remedy is only in damages, a court of law, with the aid of a jury, is the most proper forum. And upon the state of facts *as found,* the plaintiff could have no claim for the land itself, as she had voluntarily conveyed it to *Skinner,* and thus enabled him to convey it to a third person, who was ignorant of his engagements.

If, on the other hand, we look at the *facts stated* in the bill, it would seem, that she could have no occasion to resort to a court of chancery ; for she alleges she never delivered the deed at all ; of course, the defendant had no title, and could convey none, any more than if the deed had been forged.

If the plaintiff's claim was, that her title was embarrassed, by an outstanding deed appearing upon record, and relief was sought upon that ground ; this might furnish a proper ground of relief. That, however, does not seem to be the object of the bill ; and if it was, this decree is improper, not being in pursuance of it, but is for the value of her estate in the land ; which, in such case, is not the proper mode of relief ; as was decided in the case of *Coe* & al. v. *Turner* & ux. 5 *Conn. Rep.* 86.

Again ; this decree is not authorized, by the facts found, upon other grounds.

The bill states, that *Rhoda Bailey* made and acknowledged the deed, under an agreement with the defendant, *Skinner,* that he would execute a lease, and that he fraudulently *procured the deed without her knowledge,* and refuses to give the lease.

*Middlesex,*
*July, 1829.*

Skinner
*v.*
Bailey.

The court find, that she in fact *conveyed the land to him.* The principal fact, therefore, stated as a ground of relief, is not true. And shall the prayer of the bill be granted, when the principal fact on which it rests is not true, because other facts which might have been a ground of relief, if stated, are found true ?

It is a first principle, that the bill must state the right of the complainant, the injury of which he complains, and what he seeks of the court, for the purpose of informing the court and apprising the opposite party of what he means to prove, that he may have a fair opportunity to answer it. *Coop. Eq. Plead.* 5. And every fact and circumstance necessary to make out his claim, must be distinctly and clearly alleged, with all convenient certainty. *Mitf.* 40. 2 *Swift's Dig.* 203. And every decree must be *secundum allegata et probata ;* (3 *Atk.* 126.) or in the words of *Thompson,* J., in *English* & al. v. *Foxall,* 2 *Pet. U. S. Rep.* 612. " the relief must be agreeable to the case made by the bill ;" or in the language of our own court, in *Gaylord* v. *Couch,* 5 *Day,* 230. "the facts stated in the petition, and the rights and duties resulting from these facts, are, and must be, the only basis of the decree."

This decree cannot, therefore, be supported ; and the judgment must be reversed.

The other Judges were of the same opinion.

Decree reversed.