Sullivan v. Vail.

## DANIEL J. SULLIVAN *vs.* JAMES VAIL.

Where a declaration in ejectment contains no allegation of the value of the land, the court will not be ousted of its jurisdiction by proof that the value is a sum beyond the jurisdiction of the court.

An allegation of the value of the land is not necessary in a declaration in ejectment.

To deprive a court of jurisdiction the matter in demand must appear by the declaration to be beyond the jurisdiction. Nothing will be taken against it by implication.

The "matter in demand" is determined by the *ad damnum* clause in the declaration, unless the declaration on its face fails to support the demand.

Sullivan v. Vail.

EJECTMENT; brought to the Court of Common Pleas of Hartford County. The writ claimed $300 damages. The following facts were found by a committee.

The plaintiff has been the owner in fee and in possession of the demanded premises from the 17th day of June, 1856, until the present time, except that portion of the same of which he has been disseized by the defendant. On the trial the plaintiff testified that the demanded premises were worth the sum of $4,000, without including the house, whereupon the defendant objected to the admission of any further testimony on the part of the plaintiff, on the ground that the court had no jurisdiction of the case, and all such testimony was thereafter received subject to objection.

The plaintiff claimed to recover the possession of only a strip of land, part of the demanded premises, one inch wide in front on Windsor street, and four inches wide in the rear, running back forty-four feet. Of this strip the defendant had disseized the plaintiff. The report of the committee described this strip, and found that it was worth at the rate of $100 per foot on Windsor street, and that the value of the whole of the demanded premises was between $3,000 and $4,000, and that the plaintiff had suffered damage by the disseizin the sum of five dollars.

The report being accepted by the court the defendant moved that the cause be erased from the docket on the ground that the court had no jurisdiction, assigning the following reasons:

1. That the jurisdiction of the court is limited by statute to the trial of causes in which the matter in demand does not exceed the sum of five hundred dollars, and in this case the matter in demand is twofold, consisting of the land, and damages demanded in the plaintiff's writ, and it is not alleged in said writ what said land is worth, so that it does not appear by the allegations of the writ whether the court has or has not jurisdiction of the matter in demand, while it ought to appear affirmatively by the allegations of the writ that the court has jurisdiction.

2. That it appears affirmatively by the report of the committee on file, that the land demanded in the writ has a value

of upwards of three thousand dollars, which, exclusive of the damages demanded, far exceeds the jurisdiction of the court.

The court, (*Briscoe, J.*,) denied this motion and rendered judgment for the plaintiff, and the defendant brought the record before this court by a motion in error.

*Welles*, with whom was *Hatheway*, for the plaintiff in error.

*Sill*, for the defendant in error.

FOSTER, J.   This suit was brought to the Court of Common Pleas and referred to a committee.   On the coming in of the report, the defendant moved the court to erase the cause from the docket for want of jurisdiction.   The court denied the motion, accepted the report of the committee, and rendered judgment for the plaintiff.

Was the denial of this motion to erase an erroneous decision?

The jurisdiction of the Court of Common Pleas, as well as of all our courts, is regulated and defined by statute.   The second section of the act of 1869, (Acts of 1869, p. 313,) which created this court, provides that it should have " exclusive original jurisdiction over all civil causes which shall be brought before it according to law, and in which the debt, damages, or matter in demand, exceeds the jurisdiction of a justice of the peace, and does not exceed the sum of $500."

The revision of 1875, p. 413, § 2, provides that " all causes at law, wherein the matter in demand exceeds $100, but does not exceed $500, in amount or value, shall be brought to the Court of Common Pleas," &c.

The "matter in demand" is determined by the demand in the declaration, unless the declaration, on its face, fails to support the demand.   *Newton* v. *Danbury*, 3 Conn., 553; *Skinner* v. *Bailey*, 7 Conn., 496; *Main* v. *School District*, 18 Conn., 215; *Nichols* v. *Hastings*, 35 Conn., 546;, *Grether* v. *Klock*, 39 Conn., 133.

The case of *Newton* v. *Danbury* was originally brought to the County Court, and appealed by the plaintiff to the Supe-

rior Court. The County Court then had exclusive jurisdiction where the matter in demand did not exceed the sum of seventy dollars. The action was assumpsit to recover for supplies furnished to a pauper. The declaration alleged that the plaintiffs had expended the sum of $75 in furnishing supplies, &c., and demanded $100 damages. On the trial they introduced evidence to show that they expended the sum of $23.67, and made no claim for further expenditure. The defendants then moved the court to erase the case from the docket for want of jurisdiction. The court denied the motion, and the Court of Errors affirmed the decision. Chief Justice HOSMER, in giving the opinion of the court, 3 Conn., 558, says: "To warrant the official interposition of the judge, in the manner requested, the matter in demand, *on the declaration*, must have been below the jurisdiction of the court. Now the declaration is clearly on a subject matter within the cognizance of the court, and the objection is founded exclusively *on the testimony*, which has never been considered a test of jurisdiction."

In the case at bar, the objection to the jurisdiction arises solely from the testimony—facts found true on the report of the committee. Admitting, for the sake of the argument, that the value of the land, the possession of which is sought to be recovered, or the value of the plaintiff's right to it, is to be added to the amount of damages claimed, in order to make out the "matter in demand," we think it clear that, in this case, that value will not be presumed to be above $200, so that by adding it to the present *ad damnum* clause the amount shall be over $500. This would contravene the well established principle that no court is to be ousted of its jurisdiction by implication. The declaration, following what has been perhaps the universal, or almost universal, practice in this state, contains no allegation as to the value of the land, or the value of the plaintiff's right to the possession of the same. Certainly no mere presumption of value, for the purpose of ousting the court of its jurisdiction, can, or ought to be made.

But it is claimed that the fact is found, that the premises described in the declaration, the possession of which is demanded, are of the value of more than $3,000, and therefore beyond the jurisdiction of the court.

It also appears from the finding, that the plaintiff claimed to recover only a very narrow strip of the premises described in the declaration; that being all of which he was disseized and held out of possession of by the defendant.   The precise value of this strip is not found, but it is very trifling.   When added to the present *ad damnum* clause in the declaration, the amount is far below $500, and therefore within the jurisdiction of the court.   If we are compelled to go outside of the declaration, and resort to evidence to show that the matter in demand in the declaration exceeds the jurisdiction of the court, if the same evidence shows that the real matter in demand is within the jurisdiction, the whole should be taken together, and the court should not be deprived of its jurisdiction.

The case of *Goodman* v. *Jewett*, 24 Conn., 588, was an action of ejectment, and the question involved in that case as in this, was as to the jurisdiction of the court.   The action was brought to the City Court of the city of Hartford, demanding surrendry and peaceable possession of the premises described in the declaration, and the sum of $90 damages. The cause was tried in the City Court on demurrer, and judgment rendered for the plaintiff.   The defendant then appealed to the Superior Court, and after it was entered in that court, the plaintiff moved that it be erased from the docket on the ground that the City Court, where it was originally brought, had final jurisdiction without the right of appeal.   The charter of the city provided that an appeal should be allowed from the judgment of the City Court, in all cases in which an appeal then was, or thereafter should be, allowed from the County Court.   By the 4th section of the act of 1854, sole jurisdiction, in all cases at law, where the matter in demand did not exceed $100, was conferred on the County Court, and by the 5th section an appeal was allowed to the defendant, from the County to the Superior Court, when the matter in demand exceeded the sum of $100.   By the 5th section of the act of 1853, appeals were allowed, from the County to the Superior Court, in all suits or actions of ejectment or disseizin.   The decision in that case was made

to turn upon the question as to the repeal of the act of 1853 by the act of 1854. The court held that the law of 1853, allowing the appeal, was not repealed by the legislation of 1854, and so sustained the jurisdiction of the Superior Court. What the value of the land sued for in that case was, it is true, does not appear. It may have been worth less than $10, though that is improbable. Had its value been more than $10, and had it been considered as part of the matter in demand, and so to be added to the $90, the *ad damnum* clause in the declaration, the case would have been appealable whether the act of 1853 was or was not repealed. No suggestion of this sort was made on the trial, and that leads us to doubt whether the value of the land is necessarily a part of the matter in demand, for the purpose of determining the question of jurisdiction in an action of disseizin. The value of the land sued for is no necessary part of the case. Any evidence regarding it is unnecessary and superfluous, unless it is made material, and put in issue, by a plea to the jurisdiction.

We think there is no error in the judgment below.

In this opinion the other judges concurred.