JOHN B. REGAN vs. AARON C. BALDWIN.

Suffolk. Nov. 12, 1878. — April 8, 1879. COLT, MORTON & SOULE, JJ., absent.

A lease of a shop provided that the lessee should pay a certain rent, except in case of fire, and should keep the premises in repair, damage by fire excepted; that in case the demised premises should be damaged by fire, so as to be rendered unfit for use and habitation, the rent, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, should be abated or suspended, until the premises should be put in proper condition for use and habitation by the lessor. During the term of the lease, the shop was injured by fire, so as to be unfit for use; the lessor did not repair for a certain time, refused to abate the rent, and demanded full rent of the lessee, which he paid under protest. *Held,* that the lessee had no cause of action against the lessor.

CONTRACT. The declaration alleged that the plaintiff and the defendant executed an indenture, whereby the defendant leased to the plaintiff the lower floor of a building on Essex Street in Boston, and the cellar under the same, for the term of ten years from October 1, 1867; that by the terms of the lease, a copy of which was annexed, the defendant was to pay the plaintiff a certain rent monthly, " except only in case of fire or other casualties," and to keep the premises in repair, " reasonable use and wear, and damage by accidental fire or other inevitable accidents only excepted;" that the lease also contained the following clause : " Provided always, that in case the premises, or any part thereof, shall, during said term, be destroyed or damaged by fire, or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then, and in such case, the rent hereinafter reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall be thereby determined and ended at the election of the said lessor or his legal representatives."

The declaration further alleged that the building on the premises was burned and injured by fire on May 30, 1873, and the store and cellar, leased to the plaintiff, rendered unfit for use and habitation; that the cellar was not put, by the lessor, in suitable condition and repair for occupancy, use and habitation for the

space of one year and longer; and the defendant, though often requested, refused to do so; that the lease was not determined and ended by the defendant, or by any other person having authority so to do; that the plaintiff had kept and performed the covenants and agreements on his part to be kept and performed, and that the defendant has not kept and performed his part of said indenture; that the defendant refused to abate and suspend said rent, or a just and proportionate part thereof, but exacted of, and the plaintiff has been obliged by the defendant to pay, the rent in full, as reserved in said indenture, which the plaintiff did under protest, in order to save his estate and business.

The defendant demurred to the declaration, assigning as cause of demurrer that the matters therein set forth were insufficient to enable-the plaintiff to maintain the action.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*P. A. Collins*, for the plaintiff.

*E. W. Hutchins*, for the defendant.

LORD, J. In this case the demurrer was properly sustained. The plaintiff's declaration sets forth no cause of action which entitles him to recover. The amount which he seeks to reclaim was a sum which he voluntarily paid; he paid it under no mistake of fact, and it has long been held that money so paid cannot be recovered back.

There is an early case, *Moses* v. *Macpherlan*, 1 W. Bl. 219, in which it was held that money paid, even under a judgment of a court of competent jurisdiction, could be recovered back, if in equity and good conscience the party receiving it was not entitled to hold it. In that case, the plaintiff had indorsed a promissory note, and, at the time of the indorsement, it was agreed between himself and the indorsee that the latter should not look to him for payment, but should rely wholly upon the obligation of the maker. Suit, however, was brought against the indorser, and it was held by the court that the parol collateral agreement made at the time of the indorsement could not be given in evidence in bar of a suit upon the indorsement, and judgment was rendered against him, which judgment he satisfied. He then brought his action upon the parol agreement to recover the amount which he had thus paid contrary to such agreement, and it was decided

that the action could be maintained. Lord Mansfield in giving his opinion says that the agreement was properly rejected in the former suit, and judgment properly rendered therein; but that, the parol agreement having been made, the party received payment of the note when in equity and good conscience he ought not to have received it, and that, in the equitable action for money had and received, the plaintiff should be entitled to recover back the amount paid which equitably the plaintiff in the former suit had no right to demand.

That decision, however, was never deemed satisfactory; and, although the courts for a long time struggled to sustain the principle upon which it was based, that money paid to a party, who in equity and good conscience ought not to hold it, might be recovered back, yet the decision itself has never been regarded with approbation, and the limitation has come to be fixed that a party may in equity and good conscience continue to hold money voluntarily paid to him under no mistake of fact, and without fraud upon his part. This rule was established in *Brisbane* v. *Dacres*, 5 Taunt. 143, and from that time to the present that decision has been recognized and followed. It was distinctly recognized by Chief Justice Shaw in *Bacon* v. *Bacon*, 17 Pick. 134, and by the court in *Forbes* v. *Appleton*, 5 Cush. 115. And in *Benson* v. *Monroe*, 7 Cush. 125, 131, Mr. Justice Metcalf says: " The court deem this a plain case. It is an established rule of law, that if a party, with a full knowledge of the facts, voluntarily pays a demand unjustly made on him, and attempted to be enforced by legal proceedings, he cannot recover back the money, as paid by compulsion, unless there be fraud in the party enforcing the claim, and a knowledge that the claim is unjust." Commencing with the case of *Brisbane* v. *Dacres*, before cited, he then proceeds to review the English authorities from that time forward in which the doctrine has been acted upon, and refers approvingly to the expression of Lord Kenyon in *Brown* v. *M'Kinally*, 1 Esp. 279, that to allow such an action " would be to try every such question twice."

The fact that the plaintiff in this case might have been under embarrassment as to the amount of rent which he should withhold, or which he might properly claim to rebate, does not affect the principle. It was his right to litigate that question with his

lessor, and his election to pay the full amount rather than to resist the payment of any portion of it makes the payment a voluntary one. It is not necessary to consider whether the plaintiff would have been entitled to a cross action had the lease contained an express covenant to keep the premises in repair, for the lease contains no such covenant, and the law raises no implied promise to do so. The lease is in the form long used in this Commonwealth, which requires the lessee himself to keep the premises in such repair as he receives them, (reasonable use and wear, and damage by accidental fire or other inevitable accident only excepted,) with the right, commonly reserved in such leases, to have deducted from the rent a reasonable amount, if he is deprived of the use of the premises by such casualty.

*Judgment affirmed.*