JOHN BURKE *vs.* PHILIP GRACE.

Where an appeal is authorized "when the matter in demand exceeds the sum of five hundred dollars stated in the writ," a suit brought to recover possession of real estate and five hundred dollars damages does not become appealable by reason of the value of the demanded premises.

The District Court of Waterbury in New Haven County has by statute jurisdiction in all cases in law and equity in which either party resides in certain of the neighboring towns in Litchfield County. Held that the jurisdiction of the court extended to actions to recover possession of lands in such towns.

[Argued December 1st—decided December 29th, 1885.]

ACTION to recover possession of real estate and damages; brought to the District Court of the district of Waterbury, and appealed by the defendant from the judgment of that court to the Superior Court. In the latter court the plaintiff moved that the case be erased from the docket, which motion the court (*Sanford, J.,*) granted. Appeal by the defendant to this court. The case is fully stated in the opinion.

*G. E. Terry,* for the appellant.

*J. O'Neill, Jr.,* and *J. J. Jennings,* for the appellee.

LOOMIS, J. This is a complaint in ejectment to recover the possession of premises situated in Thomaston, Litchfield County, originally brought to the District Court of Waterbury, demanding five hundred dollars damages and possession. The plaintiff recovered judgment in the District Court and the defendant appealed to the Superior Court, where, on the plaintiff's motion, the case was erased from the docket for want of jurisdiction. The motion was based on two grounds :—

1st. That the matter in demand as stated in the complaint was too small to allow an appeal.

2d. That the land which was the subject matter of the action, being situated in Litchfield County, the District Court of Waterbury in New Haven County had no jurisdiction.

1. Was the matter in demand, as stated in the complaint, sufficient in amount to entitle the defendant to an appeal ?

The answer will depend entirely upon the construction which should be given to the statute, which provides that " an appeal may be had from any final judgment rendered in said court when the matter in demand exceeds the sum of five hundred dollars, as stated in the writ or declaration when returned to said court, to the next term of the Superior Court for New Haven County, holden at Waterbury." Private Acts of 1879, p. 155.

Under this act the right of appeal depends not at all upon any finding by the court as to the value of the matter in demand, but solely upon the statement of amount as it appears in the complaint as returned to court. All other evidence of the amount must therefore of necessity be excluded. The amount is something to be seen on the face of the writ, and is not to be determined in any other mode. But the defendant seeks to supplement the stated amount by some presumed amount in addition, arising from the nature of the subject matter. His argument in substance is, that the complaint seeks to recover five hundred dollars and the possession of the land, and that as the latter is pre-

sumably worth something, the matter in demand is something more than five hundred dollars. But the act requires a sum stated in the writ exceeding five hundred dollars. No sum whatever exceeding that is stated; it is not even mentioned that there is something more to be presumed. But we think the fair import of the language excludes all evidence, whether direct or presumptive, as to the amount, and that in requiring that the matter in demand must "exceed the sum of five hundred dollars as stated," a sum in money value exceeding that limit must be stated to authorize an appeal.

But the case of *Sullivan* v. *Vail*, 42 Conn., 90, was cited by the defendant as authority for his claim that we should add to the amount stated some presumed value attaching to the possession of the premises; and a detached passage from the opinion gave color to the claim. But the passage relied upon was used by way of an admission expressly stated to be for the sake of argument. The position taken was simply that, even if the value could otherwise be added to the damages claimed, no value could be presumed for the purpose of ousting the jurisdiction. It seems to us therefore that even this part of the opinion is more against the defendant than for him; for the court there refused to do what this court is asked to do. It is true the reason for refusal in that case may possibly be regarded as stronger than it is here. In that case it was said that the effect of adding the presumed value would have been to oust jurisdiction, while in this case it saves jurisdiction. If this were true, it should not be assumed that the proposition laid down by the court was equivalent to saying that the presumed value would be added to the value stated in all other cases. The court contented itself by simply using the strongest reason applicable to that case. The consequences there would indeed have been serious, but in the present case it does not defeat the action, it simply leaves the judgment of the District Court in full force and avoids a protracted trial in the Superior Court. The real position of that case as to jurisdiction was indeed quite similar to this.

There the Court of Common Pleas had under the statute exclusive jurisdiction "when the matter in demand exceeded one hundred dollars and did not exceed five hundred dollars," and as the writ in that case demanded three hundred dollars, on the face of it that court had exclusive jurisdiction. In the present case, on the face of a complaint with similar allegations, the District Court had exclusive jurisdiction. If then the exclusive jurisdiction of the Common Pleas could not be ousted by adding a presumption, why should it be done as to the District Court indirectly by conferring appellate jurisdiction on the Superior Court. But a comparison of the statutes applicable respectively to that case and this, will show that the reason is in fact much stronger against applying the presumption to the present case. The act that controlled the former case specified the amount of the matter in demand as the test of jurisdiction, without any words indicating that extrinsic evidence could not be introduced to show the real amount, while in this case, as we have already seen, the right of appeal is, in terms, restricted to the "amount stated in the writ."

But it hardly needs so much discussion to show that *Sullivan* v. *Vail* is no authority for the position taken by the defendant, for the authorities from our own court there cited with approval all hold in substance that the matter in demand, even under statutes like the one applying to that case, is to be determined by what appears on the face of the declaration, and that testimony has never been considered a test of jurisdiction; and the opinion concludes with the remark that "the value of the land sued for is no necessary part of the case. Any evidence regarding it is unnecessary and superfluous, unless it is made material and put in issue by a plea to the jurisdiction."

For these reasons we think there was no appellate jurisdiction of the case on the part of the Superior Court.

2. This result renders immaterial the other question presented by the record, whether the District Court of Waterbury had jurisdiction to hear and decide on the title to land situated in Thomaston, but inasmuch as an avoidance of

this question might cast doubt on the validity of the plaintiff's judgment, we will add that the case of *Curtiss* v. *Atwood*, 51 Conn., 169, must be considered as controlling. Here, as in that case, one of the parties resided in the town where the land lay. We do not see why the statute conferring jurisdiction on that court does not include complaints for disseisin as well as trespass to land. There was in the statute as it existed prior to 1867 a clause restricting the jurisdiction to cases " wherein the title to land is not concerned." The omission of this qualification in the present act is therefore very significant, and the general words conferring jurisdiction must therefore have their full ordinary import.

There was no error in the judgment of the Superior Court.

In this opinion the other judges concurred.