# WILLIAM E. BURLOCK ET AL.
## v.
## CHAS. F. COOK ET AL.

1. REFORMING LEASE.—In a bill to reform a lease, as to the amount of rent paid, it was alleged that complainants orally agreed with defendants, if defendants obtained a lease of the building at a rental not exceeding $14,000, to lease of defendants a portion of the building at a rate equal to one half of what defendants had to pay the owner. Defendants represented that they paid $14,000 a year and the lease to complainants was accordingly executed at a rental of $7,000 per annum. After occupying the premises seven months complainants for the first time learned that the defendants' rent was only $13,000 per year; after this complainants paid the rent according to the terms of the lease in question, under protest, and now bring this bill to reform the lease and recover back all the overpayments; *held*, that the decree reforming the lease as to the annual rent and allowing complainants the overpayments made during the first seven months is proper.

2. SAME.—There can be no recovery for the overpayments made after complainants had acquired a knowledge of all the facts affecting their rights in the premises. Complainants simply allege that they paid under protest. There is no allegation that such payments were superinduced by any fraud or deceit or by any duress, moral or otherwise, on the part of defendants.

3. FRAUD—FALSE REPRESENTATION.—Fraud is a fact and must be alleged in the bill in order to be a basis for relief. A representation may be untrue or false, without being fraudulent.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding. Opinion filed August 6, 1886.

This was a bill in chancery by appellants against appellees to reform a lease, dated June 22, 1883, whereby the appellees demised to appellants, by lease in writing, the four upper stories or floors of a building, situate upon Madison street, in the city of Chicago, for the term of two years from the first day of January, 1884, at a rental of seven thousand dollars per annum, payable in monthly installments. The bill sought to have said lease reformed only as respected the amount of

rent, and so as to conform to what complainants alleged to have been the oral agreement between the parties as to what the amount of rent should be, in pursuance of which said lease was executed, and the bill also sought to compel the defendants to repay to the complainants alleged over payments of rent under said lease.

The facts alleged as the basis of the relief were, that defendants, just before the making of said lease, were about to obtain a lease of the whole builing from one Adams, the owner ; that they agreed with complainants that, if they obtained such lease of the owner, at a rental not exceeding $14,-000 per annum, or for a less sum, they would lease to complainants for said term, said four upper stories or floors, at a rate of rent equal to one half of what they had to pay such owner ; that in pursuance of such oral agreement and upon the statement and representation of defendants that the rent they had to pay was at the rate of $14,000 per annum, the lease in question was executed and taken by complainants at a yearly rental of $7,000, supposed to be half of what defendants had to pay such owner for the whole building ; that complainants occupied under said lease from said January 1, 1884, and paid rent to defendants according to the terms of said lease ; that about September 1, 1884, complainants learned for the first time that the agreed rental between defendants and said Adams for the whole building was in fact $13,000 per annum instead of $14,000 ; that thereafter complainants paid defendants the rent, according to the terms of the lease in question, under protest, all of which overpayments complainants sought to recover back of defendants. The prayer was for reformation of the lease so as to conform to said oral agreement, and that defendants be adjudged to pay back to complainants said overpayments.

The bill was not filed until July 18, 1885. The defendants answered, denying all the material allegations of the bill, to which replication was filed. On hearing upon pleadings and proofs a decree passed, reforming the lease, as respected the annual rent to be paid as above stated, but the court allowed complainants the sum of $297.32, being the overpayments

and interest thereon, made by complainants to defendants during the first seven months of said term, and prior to the discovery by complainants of said false representations, and adjudged costs against defendants. From that decree complainants appeal, assigning for error the refusal of the court to allow them to recover of defendants for all overpayments after the discovery of said false representation as to what defendants had to pay to the owner as the rental of the whole of said premises.

Mr. F. W. BECKER, for appellant; cited C. & A. R. R. Co. v. C. V. & W. Coal Co., 79 Ill. 121; Gage v. Lewis, 68 Ill. 604; Prickett v. Madison Co., 14 Bradwell, 464.

Mr. HENRY C. NOYES, for appellees; cited Reagan v. Baldwin, 126 Mass. 485; Brisbane v. Dacres, 5 Taunt. 143; Benson v. Monroe, 7 Cush. 125; Town of L. v. Ackerman, 46 Ind. 552; Stoner v. Milliken, 85 Ill. 213; Knibbes v. Hall, 1 Espinasse, 84.

McALLISTER, J. The counsel for appellants insists that the chancellor erred in denying the right of complainants to recover back all the overpayments of rent under the case in question, and that cases of the class of Brisbane v. Dacres, 5 Taunt. 143, Benson v. Monroe, 7 Cush. 125 and Reagan v. Baldwin, 126 Mass. 485, have no application, because in none of them was there any element of fraud.

The rule is elementary that in chancery every fact essential to the plaintiff's title to maintain the bill, *and obtain the relief*, must be stated in the bill, otherwise the defect will be fatal. Story's Eq. Pl., § 257; Skinner v. Bailey, 7 Conn. 499; Helm v. Cantrell, 59 Ill. 524.

Fraud is a fact and must be alleged in the bill in order to be a basis for relief. Brainard v. Bailey, 27 Conn. 617; Bailey v. Ryder, 10 N. Y. 363.

There is no allegation of fraud contained in the bill. A representation may be untrue or false, without being fraudulent.

The bill shows upon its face that all of the overpayments which the chancellor refused to allow the plaintiffs, were made after they had acquired a knowledge of all the facts affecting their rights in the premises. There is no allegation that such payments were superinduced by any fraud or deceit on the part of the defendants, or either of them, or by any duress, moral or otherwise. But plaintiffs simply allege that they paid them under protest. If fraud or duress was to be relied upon as a basis for that species of relief, it should have been alleged, so that defendants might be apprised by the bill what the suggestions and allegations were against which they were to prepare their defense.

We are of opinion also that there was no evidence tending to show that the overpayments made after September 1, 1884, were any of them superinduced by fraud or deceit on the part of defendants. The plaintiffs were then aware of all the facts affecting their rights, and defendants by their acts or representations, did nothing to obtain said payments or either of them, after the plaintiffs had so acquired knowledge as to facts respecting defendants' lease from the owner of the building. We are of opinion, also, that if the bill had contained any allegations as to said overpayments having been obtained by duress or legal compulsion, there is nothing in the evidence sufficient to sustain it. We think, as the case stood, the decree below was proper and should be affirmed.

Affirmed.