## Pasquale Logiodice *vs.* Edward Gannon.

New Haven and Fairfield Cos., Oct. T., 1890. Andrews, C. J., Loomis, Seymour and Torrance, Js.

It was a leading feature of the old system of pleading that when a party had once taken his ground he should not be permitted to depart from it. It was a departure when the replication or rejoinder contained matter not pursuant to the declaration or plea and which did not support or fortify it.

This rule in substance forms a part of our present system. Its violation leads to uncertainty and confusion in the pleadings, and these results the present law seeks to avoid by giving the court power to strike out the objectionable pleading on motion of the opposing party, and by giving the right to the parties under proper circumstances to amend the case or defense first presented.

The plaintiff brought to the Court of Common Pleas, the jurisdiction of which was limited to one thousand dollars, an action for the recovery of a described lot of land with buildings upon it, claiming five hundred dollars damages. The defendant filed a plea to the jurisdiction, alleging that the value of the demanded premises was four thousand dollars and so beyond the jurisdiction of the court. The plaintiff replied, denying this, and stating that he did not claim the possession of all the described premises, but only of one tenement or the third floor of the house, and nominal damages. The defendant thereupon filed a motion that this part of the reply be stricken out as inconsistent with the complaint. Held, upon this state of the pleadings—

Vol. lx.—6

| 60 | 81 |
| 61 | 576 |
| 60 | 81 |
| 63 | 546 |
| 60 | 81 |
| 73 | 13 |

1. That the motion to strike out that part of the reply should have been granted, it being no answer to any part of the plea to the jurisdiction.
2. That the plaintiff's only proper course was, either to withdraw his suit and begin anew, or to amend his complaint, if he could bring his case within the law relating to amendments.

[Argued October 29th, 1890—decided January 19th, 1891.]

ACTION to recover possession of a described lot of land with buildings upon it; brought to the Court of Common Pleas of New Haven County, and reserved upon certain pleadings for the advice of this court. The case is fully stated in the opinion.

*T. J. Fox* and *J. J. Buchanan,* for the plaintiff.

*C. S. Hamilton,* for the defendant.

TORRANCE, J. This is an action brought in the Court of Common Pleas to recover the possession of real estate. The complaint alleges, in the ordinary form, that the plaintiff owned and possessed a certain described lot of land, with buildings thereon, and that the defendant wrongfully entered and dispossessed him, and still keeps him out of the possession thereof, and claims judgment for possession and five hundred dollars damages.

The complaint does not state the value of the premises. The defendant filed a plea to the jurisdiction, in which he alleged, in substance, that the true and just value of the premises sought to be recovered was four thousand dollars, and that therefore the court had no jurisdiction. The plaintiff filed a reply to this plea, alleging therein " that the plaintiff does not claim the possession of all said described premises from the defendant, but only three rooms, a tenement on the third floor of the dwelling house standing and situate on the land described in the complaint, and nominal damages." He denied that the value of the premises described in the complaint was four thousand dollars, and denied that he claimed a judgment for the possession of the entire premises described in his complaint.

Thereupon the defendant filed a motion to strike out from this reply the portion quoted above, on the ground that the same was "irrelevant, immaterial, unnecessary, prolix and entirely inconsistent with the allegations of the complaint, and no part of a proper reply to the defendant's plea to the jurisdiction."

The record does not show that any action was taken on this motion, nor any reason why it was not allowed. The court heard the parties on the pleadings as they then stood.

Upon this hearing it found that the premises described in the complaint consist of a lot of land with a three-story house thereon, and that the third floor of the premises consists of a tenement of four rooms. The defendant offered testimony to prove that the premises described in the complaint were of the value of three thousand dollars. The plaintiff objected to this testimony. If it be admissible the court finds the value of the premises to be three thousand dollars.

The plaintiff, for the purpose of proving the allegations in his reply, " offered testimony and claimed to be entitled to prove that he did not claim the possession of the entire premises " mentioned in his complaint, but only of a portion thereof, " to wit, the tenement on the third floor," and that " the value of the tenement was not greater than one thousand dollars," and was a sum within the jurisdiction of the court. The defendant objected to such testimony.

The record does not show that the court received or rejected it, or made any ruling whatever in regard to this offer and claim of the plaintiff. The case comes before this court by way of reservation.

In the first place, we think it is obvious that the defendant's motion to strike out should have been allowed. The plaintiff in his complaint claimed judgment for the entire premises and five hundred dollars damages. In his reply to a plea to the jurisdiction, he says he only claims a part of the premises and nominal damages.

It was a leading feature in the old system of pleadings that " when a party has once taken his ground, he shall never be permitted to depart from it, for if this was allowed

the parties could not be brought to an issue." The replication must be " consistent with the declaration, must maintain and fortify it, and must not be a departure from it in any material allegation." "A departure in pleading is said to be where a party quits or departs from the case or defense which he has first made and has recourse to another; it is when his replication or rejoinder contains matter not pursuant to the declaration or plea, and which does not support or fortify it." 1 Swift's Dig., 623.

This rule was founded in good sense, and in substance it forms a part of our present system, although the violation of it is not attended, perhaps, with the same consequences as under the old system. Its violation leads to uncertainty, obscurity and confusion in the pleadings, and these results our present law seeks to avoid by giving the court power to strike out the objectionable pleading on motion of the opposite party, and by giving ample power, under the proper circumstances, to the parties and to the court to amend the " case or defense first made."

The part of this reply which the defendant moved to strike out was no answer to any part of the plea to the jurisdiction. It neither denied nor admitted any part of the plea, but was in fact a denial of the complaint. It should have had no place in such a reply, and was in the fullest sense irrelevant, immaterial and unnecessary. The object which the plaintiff seems to have sought to accomplish in this irregular way, could have been accomplished either by withdrawing his suit and beginning anew, or by amending his declaration, provided he could bring himself within any of the provisions of law relating to amendments. Taking the record as it stands, the evidence offered by the defendant was admissible, and as the allegations of his plea as to the value of " the matter in demand " are found true, it would seem to follow, from the reasoning of this court heretofore in similar cases, that the case at bar should have been dismissed. *Sullivan* v. *Vail*, 42 Conn., 90 ; *Fowler* v. *Fowler*, 50 id., 256.

As however the case is reserved for our advice, we are at

liberty to give such advice as will best subserve the ends of justice. The plaintiff may be in a position to bring himself within the provisions of the law relating to amendments, and be able to so amend his complaint as to bring his case within the jurisdiction of the Court of Common Pleas. If done at all, this would be done on such terms as would do justice to all concerned. If he can do so perhaps he ought to have the opportunity.

We advise the Court of Common Pleas, unless the complaint can be and is amended as herein indicated, to dismiss the case.

In this opinion the other judges concurred.