JULIA K. POLLARD *v.* RAYMOND S. POLLARD

CIRCUIT COURT                                              TWELFTH CIRCUIT
                                                    FILE No. CV 12-614-487

Memorandum filed August 1, 1961

*Timothy O'Neil Fanning,* of Hartford, for the plaintiff.

*Donald H. McGilvray,* of East Hartford, for the defendant.

PRUYN, J. This is an action of ejectment in which a judgment of ejectment was entered on May 15, 1961, by default for defendant's failure to appear. However, a general appearance by defendant was filed on May 12, 1961, but this was not brought to the attention of the court at the time plaintiff's motion for default judgment was heard by the court. Accordingly, on motion of defendant, the default and the judgment were set aside on May 23, 1961, and defendant was granted until June 19, 1961, to plead or otherwise move in respect to the complaint. On said date, defendant filed his motion to erase this case from the docket on the ground that this court has no jurisdiction of this action, which motion was heard on June 26, 1961.

The complaint alleges that plaintiff is the owner in fee simple of premises at No. 76, Sunnyreach Drive, East Hartford; that plaintiff instituted an action of divorce against defendant returnable the first Tuesday of May, 1961; that she must remain separate from the defendant and in addition fears bodily harm at his hands; that defendant uses and occupies said premises under no right or title; that she desires sole occupation and use thereof, but defendant refuses to leave said premises though requested to do so by plaintiff; and that plaintiff believes that said premises are being abused by the

defendant. The prayer for relief is that "defendant be ejected from said premises."

The Circuit Court is a court of limited jurisdiction. By § 52-2a of the General Statutes, it has jurisdiction of "all civil matters for legal or equitable relief or both, including actions of summary process and bastardy actions, but not including those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts, wherein the amount, legal interest or property in demand does not exceed in value two thousand five hundred dollars, not including interest, costs and attorney's fees." The complaint, which is the only pleading in this case, contains no allegations as to the value of the premises or of plaintiff's right to possession thereof. No such allegations are necessary in an action of ejectment. *Sullivan* v. *Vail,* 42 Conn. 90, 95. The only statement as to the value of the premises is contained in defendant's brief on the instant motion, that "the house, which is the subject matter of this action, obviously has a value greatly in excess of the jurisdiction of this court." This is not admitted in plaintiff's brief, except solely for the sake of argument. It is well settled that the court may not be ousted of its jurisdiction by a mere presumption of value. *Sullivan* v. *Vail,* supra.

Although an objection to jurisdiction can be made at any time and the court should pass upon it where lack of jurisdiction is brought to its attention; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524; a motion to erase for lack of jurisdiction will only be granted where it clearly appears from the record that the court is without jurisdiction. *Reilly* v. *Pepe Co.,* 108 Conn. 436, 443; *Wheeler* v. *New York, N.H. & H.R. Co.,* 70 Conn. 326, 328. A motion to erase cannot be treated as if it were a plea in abatement. Jurisdiction cannot be questioned in this manner

where extraneous evidence as to the value of the property is necessary. *Paiwich* v. *Krieswalis,* 97 Conn. 123, 127.

The court has, however, considered the question of jurisdiction, in line with the oral argument and briefs of the parties. There is no statute limiting the trial of ejectment actions to the Superior Court or the Court of Common Pleas. Therefore, such actions must be considered in the light of the jurisdictional provisions of § 52-2a of the General Statutes.

The question of jurisdiction of certain courts of limited jurisdiction over ejectment actions has been before our courts in several cases, particularly the two cases cited in the briefs of the parties, *Sullivan* v. *Vail,* supra, and *Logiodice* v. *Gannon,* 60 Conn. 81. In both these cases, there was a claim for money damages within the jurisdictional limit of the particular court, in addition to the claim for possession of the premises. In the *Sullivan* case, the court held (p. 93) that where there is no allegation of the value of the land in an ejectment action the court will not be ousted of its jurisdiction by proof that the value is greater than the jurisdiction of the court, the court doubting (p. 95) "whether the value of the land is necessarily a part of the matter in demand, for the purpose of determining the question of jurisdiction in an action of disseizin. The value of the land sued for is no necessary part of the case." The same principle was applied to save jurisdiction. *Burke* v. *Grace,* 53 Conn. 513, 515. However, in the *Logiodice* case, supra, 84, the court, while principally concerned with questions of pleading and evidence, indicated that the value of the land in an ejectment action should be considered on the question of jurisdiction. The case of *Fowler* v. *Fowler,* 50 Conn. 256, 258, cited in defendant's brief, is clearly distinguishable, as that was an action for

partition, wherein the subject matter was the property itself or the proceeds thereof on a partition sale, the court holding that the jurisdiction of the court was to be determined by the value of the property. In the case at bar, it is the plaintiff's right to possession which is the subject matter of the action, and such right is for all practical purposes immeasurable.

This court is given by statute jurisdiction over summary process actions. The action of summary process is a special statutory proceeding providing a remedy to enable landlords to recover possession of the demised premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530. In such an action, the value of the demised premises plays no part whatsoever and is immaterial. In both an action of ejectment and an action of summary process, the relief sought is identical—possession of the premises. It is illogical for this court to have jurisdiction of an action of summary process to recover possession of premises having a value of, say, $150,000 and not to have jurisdiction of an action of ejectment wherein the value of the premises is, say, $2600. It follows that the value of the land is not material in an ejectment action and that this court has jurisdiction of such an action, irrespective of the value of the land, provided, of course, that if there is also a claim for money damages, such claim falls within the jurisdictional limit of this court.

The motion to erase this case from the docket is denied.