44  371
77  183

</div>

### MAX ROSEN AND ANOTHER *vs.* MARK FISCHEL.

A magistrate issued a writ of replevin returnable before a justice of the peace and took a bond for the payment of costs to the defendant and the return of the property if the plaintiff should fail to prosecute his suit to effect.   The writ was void on its face by reason of the demand in it being beyond the jurisdiction of a justice, but the goods were taken upon it and were not returned. Held that, the writ being void, the bond was also void.

DEBT on a replevin bond; brought to the City Court of the city of Hartford.

On the trial to the jury in that court upon the general issue the plaintiffs offered in evidence the record of a process of replevin in favor of one Jacob Bincas against the present plaintiffs, who were a firm by the name of Max Rosen & Son, for the recovery of a quantity of cigars, claimed to belong to Bincas and to be unlawfully detained by the defendants in the suit, which record contained a writ of replevin and a recognizance entered into jointly and severally by Bincas as principal and the present defendant, Mark Fischel, as surety, in the sum of three hundred dollars, " for the payment of costs to the said Max Rosen & Son in case the said Jacob Bincas shall not prosecute his suit to effect and for the payment of all damages that shall be recovered by the said Max Rosen & Son in said suit, and for the return to them of the said goods and chattels that may be replevied by virtue of said writ if the said Jacob Bincas shall fail to establish his right to the same or to the possession thereof."

It appeared by this record that the writ of replevin was made returnable before a justice of the peace, and that the sum of two hundred and fifty dollars was claimed as damages. The defendant thereupon claimed that, as the jurisdiction of justices of the peace was limited to cases in which the matter in demand did not exceed one hundred dollars, the writ of replevin was void upon its face, and that, the writ being void, the replevin bond was also void, and requested the court so to charge the jury. The court however instructed the jury that the bond was valid.

A verdict having been returned for the plaintiffs, the defendant filed a bill of exceptions and brought the case by a motion in error before the Superior Court for Hartford County. That court (*Beardsley, J.,*) affirmed the judgment of the City Court, and the defendant brought the case before this court by a motion in error.

It appeared by the bill of exceptions that in the replevin suit before the justice the defendants in the suit had moved that it be dismissed on the ground of want of jurisdiction in the court, and that the plaintiff in that suit had abandoned it and immediately prayed out a new writ of replevin on which

he had taken the same property before replevied, and that the property had never been returned to the present plaintiffs or the costs of the suit paid.

*E. Goodman,* for the plaintiff in error.

1. The writ in this case was void because not within the jurisdiction of a justice of the peace. 1 Swift Dig., 495; *Coit* v. *Haven,* 30 Conn., 190; *Fowler* v. *Bishop,* 32 id., 199, 206. The officer had no right to take the property under it. It being void, it was just the same as if no writ had been issued. The magistrate who issued it and the officer who served it were each liable to the party whose property was taken under it, for damages for taking the property. *Grumon* v. *Raymond,* 1 Conn., 40; *Hart* v. *Granger,* id., 169; *Luddington* v. *Peck,* 2 id., 702; *Case* v. *Humphrey,* 6 id., 139.

2. The writ of replevin being void, the recognizance must be void also. The writ is not good without the recognizance, nor is the recognizance without the writ. The statute provides that when the writ is issued the plaintiff must give a bond with surety. The bond must be given first. The bond is not to be of any validity unless a writ is issued. *Allen* v. *Gray,* 11 Conn., 102. In this case no lawful writ having been issued, it is the same as if there had not been any writ. The recognizance by itself would have no effect, nor would it attached to any piece of paper except a lawful writ. The defendant is no more liable on it than if it had been annexed to a writ of assumpsit. If the property was not taken by virtue of a lawful writ the surety is not liable. It could not be taken by virtue of a writ that did not authorize the officer to take it, but showed on its face that he had no right to take it. If the surety is liable here, he would be if the property had been taken without any process. A recognizance, taken by an officer not authorized to take it, is void. *Branham* v. *Commonwealth,* 2 Bush, 3; *Commonwealth* v. *Loveridge,* 11 Mass., 337. If taken by a justice who has not jurisdiction of the case, it is void. *Bridge* v. *Ford,* 4 Mass., 641; *Piper* v. *Pearson,* 2 Gray, 120; *Commonwealth* v. *Collins,* 11 id., 465; *Peck* v. *Thompson,* 5 Allen, 388; *Commonwealth* v.

*Green,* 13 id., 251; *Learnard* v. *Bailey,* 111 Mass., 162; *State Treasurer* v. *Wells,* 27 Verm., 276; *Jordan* v. *McKenney,* 45 Maine, 306; *State* v. *Young,* 56 id., 219.

*T. E. Steele,* for the defendants in error.

1.   The bond may be good, although the writ shows on its face that it is not within the jurisdiction of the court to which it is returnable.   It was entered into pursuant to the statute and is in due form.   It was a voluntary act of the defendant and founded on a good consideration.   By virtue of it the plaintiffs delivered up their property to the principal in the bond, who then took possession of it and has ever since retained it.   The bond is not necessarily a part of the writ, nor need it appear upon the face of it.   The taking of it is not a judicial, but a ministerial act, an act too that precedes the issuing of the writ, and if good when entered into no irregularity or defect in the writ can affect its validity.   Gen. Statutes, Rev. of 1866, p. 78, sec. 341; *Persse* v. *Watrous,* 30 Conn., 143.

2.   The defendant is estopped from denying the validity of the bond.   Bincas, the plaintiff in replevin, could not be allowed to say in his own defence that he sued out his writ against law, and that his direction to the officer and his obedience thereto were unlawful.   He cannot thus be allowed to take advantage of his own wrong.   The rule of estoppel proceeds upon the consideration that the author of an illegal act shall not himself escape the consequences and cast the burden upon another.   If Bincas, the principal, is estopped, so is the surety, the defendant in this suit.   *Flagg* v. *Tyler,* 3 Mass., 303; *Roman* v. *Stratton,* 2 Bibb, 199; *Sherry* v. *Foresman,* 6 Blackf., 56; *Fleet* v. *Lockwood,* 17 Conn., 233; *Persse* v. *Watrous,* 30 id., 139.

PARDEE, J.   The writ which lies at the foundation of all these proceedings and upon which alone the bond of Bincas and the defendant rested, was utterly void, and the invalidity was apparent upon its face.   The officer and all persons directing him were liable to an action of trespass at the suit

of Rosen & Son for taking property under it; it could not afford to any of them either defence or justification. The magistrate who placed his signature upon this void instrument was incapable of taking a valid bond for the prosecution of the claim therein set forth to final judgment; practically, the writ was not returnable to any court; the signing of it, the entering into a recognizance, and the record of the same, were each and all nugatory acts; forms merely, without substance. The law will not recognize them as being within its pale even for the purpose of furnishing redress to Rosen & Son for the loss of their property. They have their action of trespass against the wrong-doers and their action against the sureties of the sheriff, both of which proceed upon the idea of the entire unlawfulness of the proceeding. It is true there is a possibility that they may suffer loss if they are confined to these modes of protection and are deprived of their action against the surety upon the bond; but this is a danger which they share with all other persons; for all are alike exposed to loss from acts of trespass committed by irresponsible persons and officers, and the law does not undertake to insure against all unlawful acts.

We are aware that courts have sustained suits upon replevin bonds in instances where it was found that there was no statutory foundation for the writ of replevin, the property being held by an officer upon an execution; in instances where the bonds, although not in the precise form dictated by statute, yet having been voluntarily given upon a lawful writ, were nevertheless holden to be good; in instances where the bond having been executed by the surety when the writ issued, but not by the principal until after the entry of the action in court, the latter was not permitted to take advantage of his own wrong; and in instances where the statute required the magistrate signing the writ to take the bond with two sureties and he took but one, the court not permitting the single surety to defend on the ground of this non-compliance with the statute after his principal had taken property by virtue of the writ. But in all of these cases the courts to which the writs were made returnable had jurisdiction of the several

causes; none of the writs were absolutely void; and we have been unable to find any precedent for the judgment for the plaintiffs in the present action.

There is manifest error in the judgment.

In this opinion the other judges concurred.