MARY C. COCKING ET AL. *vs.* DAVID GREENSLIT.

First Judicial District, Hartford, March Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The Superior Court of this State is a court of general jurisdiction, and as such has the right to hear and determine all actions at law the exclusive jurisdiction of which is not given to some other tribunal.

The plaintiff sued in the Superior Court of Windham county to recover possession of certain real estate, the value of which was not alleged, and $100 damages, and the defendant moved to erase the cause from the docket upon the ground that the court had no jurisdiction, because the matter in demand did not exceed $100. *Held* that the trial court properly overruled the motion, inasmuch as it did not appear upon the face of the record that any other court had exclusive jurisdiction of the cause.

Argued March 7th—decided March 30th, 1899.

WRIT of error to reverse a judgment of the Superior Court of Windham County, *Robinson, J.*, rendered against the plaintiffs in error in an action of ejectment after their motion to erase the case from the docket had been denied by the court, *Ralph Wheeler, J.;* brought to the Supreme Court of Errors held at Hartford within and for the first judicial district on the first Tuesday of March, 1899. *No error.*

The case is sufficiently stated in the opinion.

*Andrew J. Bowen*, for the plaintiffs in error.

*William A. King* and *Samuel B. Harvey*, for the defendant in error.

ANDREWS, C. J. The defendant in error in this case

Cocking et al. *v.* Greenslit.

brought his complaint to the Superior Court in Windham county in the nature of an action of ejectment, claiming therein the possession of a certain tract of land of which the then defendants, now plaintiffs, had dispossessed him and had kept him out of the possession for a long time, and the rents and profits to the amount of $50, of which they had deprived him. He claimed judgment for the possession of the said land and $100 damages.

The present plaintiffs—then defendants—moved the Superior Court that the said action be erased from the docket, on the ground that the Superior Court had no jurisdiction of the case because the matter in demand did not exceed $100. The court denied the motion, and on a trial rendered judgment for the then plaintiff to recover the possession of the de· manded premises and damages. This present writ of error is brought to set aside that judgment. The error assigned is that the court erred in not sustaining the motion to erase from the docket.

In *New York, N. H. & H. R. Co.* v. *Wheeler*, 70 Conn. 326, it was held that "a cause is not to be erased from the docket unless the want of jurisdiction plainly appears on the face of the record." And in *State ex rel. Morris* v. *Bulkeley*, 61 Conn. 287, 374, it is said that "the Superior Court of this State as a court of law is a court of general jurisdiction. It has jurisdiction of all matters expressly committed to it and of all other matters cognizable by any law court of which the exclusive jurisdiction is not given to some other court. The fact that no other court has exclusive jurisdiction in any matter is sufficient to give the Superior Court jurisdiction of that matter." This language must be construed and applied according to the general rule of jurisdiction, which is " that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so ; and on the contrary nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly so alleged." This latter rule, as stated by this court in *Sullivan* v. *Vail*, 42 Conn. 90, 93, is, that "no court is to be ousted of its jurisdiction by implication."

McGar, Admx., *v.* Bristol.

As it did not appear on the face of the record that some other court had exclusive jurisdiction of the cause of action stated, the Superior Court itself rightfully retained jurisdiction of it. The plaintiffs in error argue strongly that the case of *Burke* v. *Grace*, 53 Conn. 513, is an authority in their favor. We do not so understand that case. On the contrary, we think that is a case which illustrates and enforces the rule we have just above stated. That case was an action of ejectment, and it was holden that no value would be imputed to the land demanded, in order to oust the court there of its jurisdiction. So in this case, the Superior Court held that a want of value is not to be imputed to the land here demanded, in order to oust it of its jurisdiction.

There is no error.

In this opinion the other judges concurred.