Anton J. Cermak, Bailiff, for use of M. A. Ezerski and Anton Ezerski, Appellants, v. Helena Pauksztis et al., Appellees.

Gen. No. 25,242.

1. DEAD BODIES, § 1*—*who is entitled to body.* One who is the sister, or the nearest relative of the deceased, is entitled to the custody of his body for the purpose of burying it.

2. REPLEVIN, § 165*—*what is essential to recover on replevin bond.* There can be no recovery in an action upon a replevin bond without proof of a judgment in the replevin suit awarding a return of the property replevied, and in the absence of such judgment it must be assumed that it was made to appear to the court that the plaintiff in replevin had become entitled to the property.

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed May 28, 1920.

JOHN S. CHARONE, for appellants.

McINERNEY & POWER, for appellees; B. B. COLLINS, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action upon a replevin bond, tried without a jury, the court found the issues against the plaintiff and entered a judgment against him for costs, and this appeal followed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It is alleged in plaintiff's amended statement of claim, in substance, that Joseph Kubada died on August 26, 1917; that Joseph Bagdonas, a nephew of said deceased, requested M. A. Ezerski, a licensed undertaker, to obtain from the morgue of the county hospital of Cook county the body of said deceased and prepare it for interment; that said M. A. Ezerski, and his agent Anton Ezerski, obtained said body and on August 30, 1917, while they were engaged in preparing said body for interment, the defendant Helena Pauksztis caused a writ of replevin to be issued, commanding plaintiff, as bailiff of the municipal court of Chicago, to replevy said body and deliver the same to her; that before said writ was issued out of said municipal court said Helena Pauksztis, as principal, and said defendants, Anestezaiy Eudeikes and John Eudeikes as sureties, executed a replevin bond in the sum of $200, running to plaintiff, as bailiff, etc.; that the condition of said bond was that "if the said Helena Pauksztis shall prosecute her suit to effect, and without delay, and make return of said property if return thereof shall be awarded, and save and keep harmless the said bailiff in replevying said property, and pay all costs and damages occasioned by wrongfully suing out said writ of replevin, then this obligation to be void, otherwise to remain in full force and effect"; that the said plaintiff, as bailiff, etc., did replevy said body and deliver the same to said Helena Pauksztis; that thereafter said replevin suit was heard by one of the judges of the municipal court, who, on November 24, 1917, dismissed said suit "for want of jurisdiction"; that said replevin suit was wrongfully and unlawfully sued out; and that said M. A. Ezerski and Anton Ezerski have been damaged thereby for drayage, for expenditures in preparing said body for burial, for embalmer's fee and for attorney fees in defending said replevin suit in the total sum of $116.65.

In defendant's amended affidavit of merits it is al-

leged, *inter alia,* that said Helena Pauksztis is the next
of kin of said deceased and had the sole right to pre-
pare said body for burial; that on August 28, 1917, she
called at the undertaking establishment of said M. A.
Ezerski and requested that the body of said deceased
be delivered to her, and offered to pay drayage charges,
but that said Ezerski refused to deliver up said body
unless she paid the sum of $50; and that she notified
said Ezerski not to prepare said body for burial be-
fore any services had been performed thereon.

It appears that the defendant, Helena Pauksztis,
was the sister and nearest relative of the deceased.
As such we think she was entitled to the custody of the
body for the purpose of burying it. In *Palenzke v.
Bruning,* 98 Ill. App. 644, 650, this Appellate Court
said:

"While it may be true there is no right of property
in a dead body, in the ordinary sense, it is also true
that the nearest relatives of the deceased are and have
been in all ages, so far as known, except under eccle-
siastical law, recognized as legally entitled to its cus-
tody, to lay it away in burial. It is the duty no less
than the right of such relatives to protect it from un-
necessary violation, and any infringement upon that
right, except where made necessary for the discovery
and punishment of crime, violates the tenderest senti-
ments of humanity."

It further appears that, after the refusal of said
M. A. Ezerski, who had obtained possession of said
body, to deliver it up to said defendant except upon
certain conditions, said defendant, Helena Pauksztis,
commenced a replevin suit in said municipal court,
gave the bond sued upon in the present case and con-
ditioned as aforesaid, and that under the replevin writ
the said bailiff replevied said body and delivered it
to said defendant; and that subsequently, upon the
trial of said replevin suit, the court dismissed said suit
for want of jurisdiction and without entering an order
for a writ of *retorno habendo.* In view of the decision

in *Vinyard v. Barnes,* 124 Ill. 346, we think that the judgment appealed from was right. In said *Vinyard* case the condition of the replevin bond was the same as in the present case and it was held, in substance, that there could be no recovery in a suit upon a replevin bond without proof of a judgment in the replevin suit awarding a return of the property replevied, and that in the absence of such judgment awarding a return it must be assumed that it was made to appear to the court that the plaintiff in the replevin suit had become entitled to the possession of the property. See also *Rosen v. Fischel,* 44 Conn. 371, where it was decided, in substance, that there was no liability on a bond given in a replevin suit where that suit had been dismissed for want of jurisdiction.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE BARNES concur.