RAYMOND J. GALVIN *vs.* FRED J. BIRCH.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, Js.

Section 5664 of the General Statutes, authorizing a plaintiff to amend any defect in his complaint, assumes the existence of an original complaint; but if there. be no original—as in the present case—the court is powerless to permit a so-called substitute complaint to be filed.

A defective statement of a cause of action may be amended, but if no cause at all be stated, there is obviously nothing to amend. Under such circumstances a motion to erase from the docket for want of process is the appropriate method for taking advantage of the

situation, and serves the same purpose as a motion for dismissal and nonsuit.

Under General Statutes, § 5591, no service of a writ of summons is valid unless the complaint accompanies it.

Argued January 24th—decided May 5th, 1922.

REPLEVIN for an automobile, brought to the City Court of Meriden where the plaintiff was nonsuited (*Dunne, J.*), and from the refusal to set aside such judgment he appealed. *No error.*

*Lewis J. Somers*, for the appellant (plaintiff).

*Alfred B. Aubrey*, for the appellee (defendant).

BEACH, J. The process in this action, which was returnable to the City Court of Meriden on the first Tuesday of September, 1920, consisted of a writ of replevin without any complaint, an affidavit, a replevin bond, and the return of the constable. The defendant appeared, and no further proceedings were taken until October, 1921, when the defendant moved for a dismissal and nonsuit because the process did not contain a complaint or set forth any cause of action. The plaintiff then moved for permission to file a substituted complaint.

The plaintiff's motion was denied and the defendant's motion granted, and judgment as of nonsuit entered, on the ground that the court was powerless to grant the motion to file a substituted complaint when no original complaint had been included in the process.

A motion to erase from the docket for want of process would have been more appropriate, and would have served the same purpose as the motion for dismissal and nonsuit, but the result was right. Section 5628 of the General Statutes requires that the writ shall be accompanied by the plaintiff's complaint. Under

Galvin v. Birch.

§ 5591 no service of a writ of summons is valid unless the complaint accompanies it. Section 5664, relating to amendments of complaints, assumes the existence of an original complaint. "The writ, which consists of the mandatory and directory part, with the description of the parties, and the court, is to be accompanied with a declaration, containing the cause of action . . . . The practice with us seems to have been established at the commencement of the government, and was introduced by statute." 1 Swift's Digest, 589. "A complaint as well as a declaration must accompany a writ of summons or attachment. The writ is void if there is no complaint." *Dunnett* v. *Thornton*, 73 Conn. 1, 14, 46 Atl. 158. In *Gallup* v. *Jeffrey Co.*, 86 Conn. 308, 311, 85 Atl. 374, the attempt to commence an action for breach of the condition of a penal bond by the use of the common counts was described as "in practical effect, the institution of an action by the service of a summons alone, and thus an evasion of the requirements of our practice."

"Where a complaint contains a defective statement of a cause of action, that statement may be perfected later by amendment; but the statement of a defective cause of action is not the statement of any cause of action at all; and any process which will result in the statement of a good cause of action necessarily involves the introduction of a new cause of action." *Vickery* v. *New London Northern R. Co.*, 87 Conn. 634, 641, 89 Atl. 277.

The plaintiff asks us to construct an imperfect statement of a cause of action for him out of the implications of the writ and affidavit; but this is quite beyond our jurisdiction.

There is no error.

In this opinion the other judges concurred.