RAYMOND J. GALVIN *vs.* FRED J. BIRCH.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE,. KEELER and WEBB, Js.

A writ without a complaint is a nullity; the defect is not amendable, and the cause upon motion should be erased from the docket. After such erasure no pleading is permissible unless it be authorized by statute.

General Statutes, § 6104, permits a defendant in a replevin action, after the plaintiff has been "nonsuited," to file an answer in the nature of an avowry and counterclaim and recover such damages as he may have sustained together with judgment for a return of the property. *Held* that the erasure or dismissal of a cause for want of jurisdiction, was not a "nonsuit," within § 6104, and therefore the defendant had no right to plead further or to recover damages.

Involuntary nonsuit had no existence in this State until 1852, when it was created by statute (§ 5793) which limited its application to the plaintiff's failure to make out a prima facie case. Since that time various statutes have specified other grounds for granting a nonsuit, but in no instance has the erasure or dismissal of an

action for want of jurisdiction been designated as the equivalent of a nonsuit, nor has it been so regarded in our practice.

Generally speaking a nonsuit is the name of a judgment rendered against a plaintiff in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with the statutes or orders of the court.

A motion to erase is the only remedy in this State for securing the dismissal of an action for want of jurisdiction apparent upon the face of the pleadings.

In the former appeal (97 Conn. 399, 116 Atl. 908), while recognizing the motion to erase as the more appropriate remedy, it was held that the allowance of a motion for dismissal and nonsuit reached the right result.

Argued October 25th—decided November 27th, 1922.

APPEAL by the plaintiff from a judgment of the City Court of Meriden, *Dunne, J.,* awarding the defendant $950 damages and costs upon his answer in the nature of an avowry and counterclaim in an action of replevin, after, and notwithstanding, the dismissal of the replevin action for want of any complaint therein. *Error and judgment reversed.*

*Louis J. Somers,* for the appellant (plaintiff).

*Alfred B. Aubrey,* for the appellee (defendant).

WHEELER, C. J. In the replevin action herein, the defendant moved that the action be dismissed and the plaintiff nonsuited because the process did not contain any complaint. The trial court sustained the motion, denied plaintiff's motion for permission to file a substituted complaint, and thereupon entered judgment as of nonsuit that defendant recover his costs. Upon appeal (97 Conn. 399, 116 Atl. 908) we sustained the ruling of the trial court upon the ground that the writ without a complaint was void, and that the allowance of the motion for dismissal and nonsuit reached the right result, although the more appropriate remedy

would have been a motion to erase. The judgment entered was one entitled as of nonsuit; in fact it was a judgment dismissing the action for want of jurisdiction arising out of the failure to insert a complaint in the writ.

Shortly after our decision was handed down, the defendant, assuming to act under General Statutes, § 6104, filed an "answer in the nature of an avowry and counterclaim after nonsuit," which alleged the fact of the judgment as of nonsuit, and that in this action plaintiff had taken defendant's automobile and kept him out of its use, and claimed damages and a judgment for the return of the automobile. The plaintiff filed his motion to erase this answer for the reason that the dismissal of the action ended the case and the court had no further jurisdiction over it. The court overruled the motion upon the authority of *Fleet* v. *Lockwood*, 17 Conn. 233, 239, and *Walko* v. *Walko*, 64 Conn. 74, 77, 29 Atl 243, and later struck out a reply to the answer which plaintiff had filed, and thereafter, upon hearing had upon the issues raised by the answer, rendered its judgment that defendant recover of plaintiff $950.40 and his costs and return the automobile.

The primary question raised by the appeal is whether the court erred in overruling the motion to erase the answer. Since the action was void for want of a complaint, the defect was incapable of being remedied. *Rosen* v. *Fischel*, 44 Conn. 371. The dismissal of the action, which was equivalent to the erasing of it from the docket, although a final ending of that action, was not a final determination of the rights of the parties to the controversy. Our action of replevin is of statutory origin. The dismissal of the action took the case out of court, and neither party had any right in virtue of that action unless the statute has preserved it for them. This the statute has done to this extent: the de-

fendant may file an answer in the nature of an avowry and counterclaim under General Statutes, § 6104, if the plaintiff in the action of replevin shall fail to appear, or shall withdraw, or shall be nonsuited. Unless the term "nonsuit," as used in this statute, is broad enough to include the dismissal of an action upon a motion to erase, the defendant had no right to file his answer in the nature of an avowry or counterclaim. Involuntary nonsuit did not exist with us until created by the statute of 1852, which enacted that a nonsuit could be granted in case the plaintiff should fail to make out a prima facie case. Since then, various statutes have specified other grounds for granting a nonsuit, chief of which are the failure to comply with certain named orders of court, the failure to plead according to the rules and orders of court, and the failure to appear at the required time. In no instance has the dismissal of an action upon motion to erase, or a motion to dismiss, been designated as the equivalent of a nonsuit. The dismissal of the action in this case is not claimed to be equivalent to any of these instances, where the nonsuit may by statutory authority be granted, except that of 1852, which has remained in practically its first form since its enactment. Many cases have arisen under this provision, now General Statutes, § 5793, and since the case of *Thames Steamboat Co.* v. *Housatonic R. Co.*, 24 Conn. 40, 49, we have interpreted this statute to mean that in each case the test by which the grant or denial of the nonsuit under this provision is determined, is the answer to the question: "Is the plaintiffs' evidence sufficient, in point of law, to make out a prima facie case in their favor." See, also, *Cook* v. *Morris*, 66 Conn. 196, 209, 33 Atl. 994; *Pentino* v. *Pappas*, 96 Conn. 230, 113 Atl. 451. This is a determination upon the sufficiency of the evidence, not upon the jurisdiction of the court. Our practice recognizes

the use of the motion to erase for want of jurisdiction. This motion does not differ from the motion to dismiss upon the same ground, as used in other jurisdictions; hence we in this case treated them as equivalent. In *Wildman* v. *Rider*, 23 Conn. 172, the motion decided was one to erase, which the opinion treated as a dismissal of the action. This was not a variance from our practice as some commentators have assumed. Our practice is definitely settled in *Wheeler* v. *New York, N. H. & H. R. Co.*, 70 Conn. 326, 39 Atl. 443; *Cocking* v. *Greenslit*, 71 Conn. 650, 42 Atl. 1000, and *Galvin* v. *Birch*, 97 Conn. 399, 116 Atl. 908. We know of no instance in our practice where a motion to erase, or a motion to dismiss, has been held or assumed to be the equivalent of a nonsuit. Generally speaking, a nonsuit is the name of a judgment rendered against a plaintiff in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with the statutes or orders of the court. And in jurisdictions which are not limited by the terms of their statute, we find that the dismissal of an action is often treated as the equivalent of the nonsuit. In effect they do not differ. *Haldeman* v. *United States*, 91 U. S. 584. Our statutes control the cases in which a nonsuit may be granted, and a motion to erase or a motion to dismiss is not found among them. Our motion to erase is our only remedy for securing the dismissal of an action for want of jurisdiction apparent upon the face of the pleadings.

If the statute has left the defendant without the remedy, as in case of a nonsuit, we cannot supply the omission. He is not remediless, since he has at his disposal an action for conversion, and the remedies referred to in *Rosen* v. *Fischel*, 44 Conn. 371, 374, and, in addition, since the officer was obliged to hold the goods replevied twenty-four hours before he took a

bond, defendant had the opportunity to know at the inception of the action whether the writ was void, and to protect his interests.

There is error, the judgment is reversed and the City Court of Meriden is ordered to enter its judgment in favor of the plaintiff upon his motion to erase the answer in the nature of an avowry and counterclaim.

In this opinion the other judges concurred.