MARY A. RAGALI *vs.* MARY B. HOLMES ET ALS.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 4th—decided July 9th, 1930.

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* for the appellant (plaintiff).

*Bernard A. Kosicki,* with whom, on the brief, was *Benjamin W. Alling,* Attorney General, for the appellee (defendant).

WHEELER, C. J. The motion to erase and that to dismiss are used in our practice somewhat interchangeably although the better practice is the use of the motion to erase. *Galvin* v. *Burch,* 98 Conn. 228, 232, 118 Atl. 826; *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 610, 136 Atl. 111. Such a motion if sustained, unlike the demurrer to a pleading is a final judgment. It will lie for want of jurisdiction which "appears plainly on the face of the record"; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 33, 78 Atl. 587; *Reilly* v. *Pepe Co.,* 108 Conn. 436, 443, 143 Atl. 568, and cases cited; or where it appears

upon its face the appellant has not prosecuted his appeal with due diligence. *Murphy* v. *Elms Hotel,* 104 Conn. 351, 354, 133 Atl. 106; *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 75 Atl. 79. "The motion to erase under our practice serves the same purpose as a demurrer. It admits all well pleaded facts and invokes the existing record and must be decided upon that alone." *Reilly* v. *Pepe Co., supra.* The same rule governs the motion to dismiss.

In disregard of this established rule the motion to dismiss in this case alleges that this cause of action is the same as that contained in another action brought on a previous date and is between the same parties, and that judgment was therein rendered after full hearing upon the issues which were the same as those in this action. None of these facts appear on the face of the record. The motion to dismiss was not the proper pleading. To this motion the plaintiff demurred. No such procedure is known to our practice. The motion to dismiss must be decided upon the question or questions of law arising on the facts upon the record and hence there is no occasion for any procedure following it save a hearing thereon. The court overruled the demurrer and granted the motion to dismiss. It should have ordered the demurrer stricken from the record and denied the motion to dismiss.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.