## STATE
### vs.
## JEFFERSON LITZ

Superior Court          Litchfield County          File #2499

Present:   Hon. FRANK P. McEVOY, Judge.

William H. Blodgett,                Attorney for the State.

Jefferson Litz, pro se.

## MEMORANDUM FILED NOVEMBER 24, 1937.

McEVOY, J. The record shows that on January 4, 1937 the petitioner made out and sent to the Clerk of the Superior Court at Litchfield a motion in which it is stated that he "moves that a re-trial be granted on new evidence which has come to his knowledge". A previous petition, containing substantially the same allegations had been dismissed. On the same page the petitioner also moves that a writ of habeas corpus be issued "for the purpose of presenting this matter to the court for a hearing".

The record also shows that on November 16, 1936 the Superior Court at Litchfield granted a motion dated October 22, 1936 to dismiss and strike from the docket a previous motion of the petitioner for a new trial.

In the present motion it is recited that the original "trial" was held in the County of Litchfield on the 18th day of September, 1934. The allegations of this motion repeatedly refer to the "trial" and to evidence claimed to have been erroneously introduced upon that "trial".

The record shows that there was no "trial".

It further shows that on December 18, 1934 the then accused, the present petitioner, signed, as likewise did his attorney, the Public Defender, a plea of **nolo contendere** as to the third and fifth counts of the information. This plea was signed and filed in duplicate. In connection with this there also appears, in long-hand, and signed by the accused, a plea, more in detail, stating specifically that the accused did plead **nolo contendere** to the third and fifth counts of the information and that he places himself "upon the mercy of the court".

Upon this plea and in accordance with the rule, the accused was found guilty on the third and fifth counts of the information, and the first, second and fourth counts of the information were nolled by the State's Attorney with the consent of the court.

Under the circumstances there was no trial and none of the allegations which have to do with an alleged "trial" are pertinent.

On September 7, 1937 the court at Litchfield filed a memorandum of decision on the petition for new trial and motion for issuance of writ of habeas corpus. In that memorandum

it was stated that the pleadings should be closed on the petition for a new trial and that the application for writ of habeas corpus was ancillary to and dependent upon the raising of issues in the petition for a new trial, and that the issuance of a writ of habeas corpus would be considered when the issues on the petition for new trial were closed. In that way the matter was left in abeyance so that it could be determined whether or not issues of fact were raised making it necessary that a writ of habeas corpus be issued for the presence of the petitioner in court.

On November 6, 1937 the State's Attorney at Litchfield filed a motion to dismiss and strike from the docket the petition for granting a hearing on motion for a new trial. The motion to dismiss and strike from the docket is denied. At the time that this motion to dismiss and strike from the docket was filed there was then pending in this court a petition for new trial. The petition was inartificially worded but nevertheless it was fairly upon the docket.

The petitioner has filed a so-called "demurrer to motion to dismiss and strike from the docket."

"No such procedure is known to our practice. The motion to dismiss must be decided upon the question or questions of law arising on the facts upon the record and hence there is no occasion for any procedure following it save a hearing thereon."

**Ragali vs. Holmes, 111 Conn. 663, 665.**

No hearing upon the motion was had because none was necessary. The record disclosed that the matters set out in the motion were not in accordance with the record.

On November 19, 1937 the court held a hearing upon the petition for new trial, at which the petitioner was represented by the Public Defender. Upon that hearing it definitely appeared that the petitioner was fully apprised of all the facts and attendant circumstances at the time that he signed and caused to be filed in his behalf a plea of nolo contendere and that the existing circumstances were sufficient to justify the filing of such a plea and that he was properly found guilty upon that plea and that the sentence imposed was in accordance with the facts and was warranted by them and the whole record.

Under these circumstances there was no necessity for the

presence of the accused and therefore no justification for the issuance of a writ of habeas corpus and this request is denied.

Under these circumstances the petition for the alleged "new trial" is dismissed.

Judgment may enter accordingly.