CASWELL DRISCOLL ET AL. v. WINCHESTER REPEATING ARMS DIVISION OF OLIN INDUSTRIES, INC.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 69258

Memorandum filed January 5, 1948.

*James F. Rosen & Armen K. Krikorian,* of New Haven, for the Plaintiffs.

*Wiggin & Dana,* of New Haven, for the Defendant.

ALCORN, J. In this action the plaintiffs seek to recover additional compensation for overtime work under the Fair Labor Standards Act of 1938. (29 U. S. C. A. § 201 et seq.). The present motion sets forth applicable provisions of the act designated as the Portal to Portal Act of 1947 (29 U. S. C. A.

§§ 251-263), which became effective after the answer was filed and under the terms of which it is claimed the court is without further jurisdiction to proceed. The relief sought is a dismissal of the action, judgment for the defendant on the pleadings, a nonsuit, and that defendant be awarded its costs.

The parties concede that the pleadings of record prior to the filing of this motion stated a cause of action within the court's jurisdiction. The argument in support of the motion is solely that by reason of the terms of the Portal to Portal Act of 1947 the plaintiffs' complaint now fails to state a cause of action. Section 252(d) of that act provides:

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsection (a) and (b) of this section."

The purpose of the motion, then, is to secure a dismissal of the action for want of jurisdiction apparent upon the face of the pleadings. The preferable procedure to accomplish this result would be by motion to erase. *Ragali* v. *Holmes,* 111 Conn. 663. While this motion is used in our practice somewhat interchangeably with a motion to dismiss, neither is the equivalent of a nonsuit. *Galvin* v. *Birch,* 98 Conn. 228. The granting of a motion to erase or dismiss for want of jurisdiction is a final judgment terminating the case. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24. The several prayers for relief therefore reduce to the single question as to whether the action should be dismissed and judgment entered for the defendant.

The motion can be granted only when the want of jurisdiction appears plainly upon the face of the record. *Ragali* v. *Holmes,* supra; *Reilly* v. *Pepe Co.,* 108 Conn. 436; *Paiwich* v. *Krieswalis,* 97 Conn. 123; *Norton* v. *Shore Line Electric Ry. Co.,* supra; *Halliday* v. *Collins Co.,* 73 Conn. 314; *Cocking* v. *Greenslit,* 71 Conn. 650; *Wheeler* v. *New York, N. H. & H. R. Co.,* 70 Conn. 326.

It is to be noted that § 252 (d) of the Portal to Portal Act of 1947, above quoted, applies to proceedings to enforce liability with respect to an activity not compensable under subsections (a) and (b) of the same section. The sections referred to provide as follows:

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect, at the time of such activity, between such employee, his agent, or collective-bar gaining representative and his employer.

"(b) For the purposes of subsection (a), an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

The act by its terms, then, does not unqualifiedly remove the case from this court's jurisdiction but on the contrary defines certain exceptions under which an action may still be maintained. Consequently, after the court judicially notes the federal act, the question still remains to be established by proof as to whether or not the plaintiffs come within the stated exceptions. This question cannot be determined from the record.

The motion should receive no support from the fact that the complaint does not count on the amended statute. While it is well settled that an action upon a statute must allege and prove facts to bring the case within the terms of the statute; *Stevens* v.

*Neligon,* 116 Conn. 307; *Scoville* v. *Columbia,* 86 Conn. 568; this complaint met that requirement when it issued. Certainly the plaintiffs cannot be held to have anticipated the 1947 amendment so as to draw their complaint to meet it. Under our liberal rules of practice, if the plaintiffs can prove facts entitling them to relief under the amended statute, the court has discretion to permit an amendment at any stage of the trial before judgment. Practice Book § 96; *Mazulis* v. *Zeldner,* 116 Conn. 314. If the present motion were granted, however, that right to amend would be lost since such action would terminate the case. *Norton* v. *Shore Line Electric Ry. Co.,* supra. Any possible unfairness arising from that disposition is avoided and a just result is most likely to be reached by leaving the parties in a position to offer such amendments and proof as the court may conclude to be warranted by the real merits of the controversy.

The motion is denied.