[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR NONSUIT #130
On September 10, 1990, the plaintiff, Sandra Lee Olson, instituted this action against the defendants, Patricia A. Tompkins and Lynne Ann, Inc. as permittee and backer of Sporty's Cafe, as a result of an alleged assault on the plaintiff by a third party patron Janice Birch. In its "first revised amended complaint," the plaintiff alleged, inter alia, causes of action in counts three and four sounding in negligence, and claims sounding in reckless, willful and wanton misconduct in counts seven and eight.
Following the defendants' motion to strike counts three through ten of the first revised amended complaint, the court, Pickett, J., on August 27, 1991, issued a ruling striking, inter alia, the seventh and eighth counts because such were identical to the allegations in counts three and four upon which the plaintiff relied as the basis for her claim of negligent supervision. Thereafter, on September 9, 1991, the plaintiff filed its "second amended complaint as to the seventh and eighth counts only," wherein she essentially repeated the allegations set forth in the stricken seventh and eighth counts. However, the second amended complaint included two revisions, the first of which were the words: "[t]he defendant. . . owed a duty of due care to this plaintiff. . ." inserted in both counts. The plaintiff also added to both counts: "[a]t the time and place referenced [herein] the CT Page 9466 plaintiff was an invitee and was lawfully on the premises known as SPORTY's CAFE." These are the only alterations made by the plaintiff in its effort to comply with the August 27, 1991 ruling on the motion to strike. Consequently, on September 13, 1991, the defendants filed a motion for nonsuit for failure to plead. On October 9, 1991, the plaintiff filed an objection to the motion for nonsuit.
Practice Book 128 states that "[p]arties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be." See also General Statutes52-119. A "`nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court."' Segretario v. Stewart-Warner Corp., 9 Conn. App. 355, 359, 519 A.2d 76 (1986) (quoting Galvin v. Birch, 98 Conn. 228, 232, 118 A. 826 (1922)).
The defendant, in its motion for nonsuit, claims that the second amended complaint merely asserts counts which are, essentially, identical to those already stricken. The plaintiff, in its memorandum opposing the motion for nonsuit, claims that the amended pleading is sufficiently different than the stricken pleading, and that the court's ruling striking counts seven and eight is based upon a mistaken premise, specifically, because counts three and four were read first, counts seven and eight appear repetitive.
The second amended complaint as to counts seven and eight, has not been altered in any manner so as to remedy the legal insufficiency of the previously stricken counts seven and eight. Because these counts constitute, essentially, pleadings identical to the stricken counts, an order of nonsuit should enter unless the plaintiff files a proper amended complaint by November 25, 1991.
PICKETT, J.