[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jimmy Martinez alleges that, on April 30, 1991, he was injured when a car owned by the defendant Claudette Wallace and driven by the defendant Andre Wallace collided with the plaintiff's car. This accident occurred in a part of New Britain called the NewBrite Shopping Plaza.
In the writ of summons, which is dated April 13, 1993, and which was served on April 29, 1993, the plaintiff sued, in addition to the Wallaces, NewBrite Associates Limited Partnership, by serving its agent Marilyn Zimmerman. The complaint which accompanied the writ of summons nowhere refers to NewBrite Associates, however. Rather it refers throughout to an individual named Pergament Feldman and alleges that he owned and negligently maintained the premises where the accident occurred.
The defendant NewBrite Associates entered an appearance by counsel on May 28, 1993, and filed a Motion to Strike on July 2, 1993, claiming that the plaintiff had failed to state a cause of action against NewBrite. This was granted on October 12, 1993. Previously on July 16, 1993, the plaintiff had requested leave to amend its complaint, and over the objection of the defendant NewBrite, this was also granted on October 12. In the amended complaint, the plaintiff alleges that NewBrite Associates, rather than Pergament Feldman, owned and negligently maintained the premises.
On October 22, 1993, the defendant NewBrite filed an Answer and Special Defense to the Amended Complaint claiming that the statute of limitations barred the claim against NewBrite. It has now filed a Motion for Summary Judgment on this ground, which the plaintiff opposes. The applicable statute of limitation is found at Conn. Gen. Stat. Sec. 52-584 and is two years from the date the injury is first sustained. Thus, unless the amendment "relates back" to the original service of the writ of summons, the plaintiff's claim against NewBrite is time-barred. CT Page 9326
Never, until July 16, 1993, when the plaintiff filed and served his request to amend the complaint, was NewBrite Associates formally notified under our rules of what cause of action might be pending against it. It is therefore impossible for the amendment to relate back to the service and filing of the original complaint in order to bring it within the time limits prescribed by 52-584, since there was never an original cause of action stated in the complaint against this defendant. See, e.g., Galvin v. Birch, 97 Conn. 399 (1922).
The Defendant NewBrite Associates is entitled to summary judgment in its favor. It is so ordered.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT