[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this case, the plaintiff Donna Coburn, in the first count, alleges she slipped and fell on property owned by the defendants Quaratella and Abruzzese. The defendants have filed a motion to dismiss the second count for loss of consortium made by William Coburn. Lack of personal jurisdiction is claimed because William Coburn's complaint was not commenced by service of legal process consisting of a writ of summons complying with the requirements of § 52-45a of the Connecticut General Statutes, or Practice Book § 8-1. The summons lists Donna Coburn as a plaintiff, but William Coburn is not listed as a plaintiff.
The court will quote from the statute and Practice Book and then try to ascertain their purposes as a way to resolve the issues raised by the motion to dismiss.
Connecticut General Statutes § 52-45a states that:
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint.
Practice Book § 8-1 similarly requires that:
Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint . . . [T]he writ of summons shall be on a form substantially in compliance with the following judicial branch forms prescribed by the chief court administrator: Form JD-FM-3 in family actions. CT Page 1589
In Hillman v. Greenwich, 217 Conn. 520 (1991), a complaint was served by the plaintiff which did not include a writ of summons. The court held that the trial court erred by denying the defendant's motion to dismiss for lack of jurisdiction. The court held:
 . . . a writ of summons is a statutory prerequisite to the commencement of a civil action. General Statutes § 52-45a. A writ of summons is analogous to a citation in an administrative appeal . . . it is an essential element to the validity of the jurisdiction of the court. Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336, 338-39 (1961) . . . Although the writ of summons need not be technically perfect and need not conform exactly to the form set out in the practice book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons . . .
Id. p. 526.
At page 525, the Hillman court gave its reasons why the complaint in that case did not pass muster as a substitute for the proper summons and therefore why the motion to dismiss should have been granted.
The court said:
 Moreover, our examination of the original complaint reveals only a bare bones complaint, totally lacking in any direction to the proper officer for service or a command to summon the defendant to appear in court. This cryptic complaint is in marked contrast to Form 103.1, which contains detailed instructions and notice to each defendant that should convey to all but the most obtuse his exact rights and obligations.
It should be noted that both statute and Practice Book require that the complaint be attached to the summons or "Mesne" process. In an older case, the court noted that the "process" returnable to court did not include the complaint which was required by statute and held `no service of a writ is valid unless the complaint accompanies it." The court said a motion to erase was the appropriate remedy in such a situation. Galvinv. Birch, 97 Conn. 399, 400 (1922).
Whether or not the complaint attached to the process is considered part of the Mesne process, which seems to be Stephenson's assumption in Section 13 of the third edition of Stephenson's Connecticut CivilProcedure, it seems clear under Hillman that the court should look at the complaint to see if any deficiencies in the summons can be corrected or obviated by a reading of the complaint which, as noted, must be attached CT Page 1590 to the summons. If that is not the case why did the Hillman court turn to the complaint in deciding the jurisdictional issue before it?
Taken together what does all this mean as to the purpose of "Mesne process"? In Stephenson's Connecticut Civil Procedure, 3d ed. Bollier, Cioffi, Emmett, Kavanewski, Murphy, the framework to answer this question is given at § 11, pp. 20-21:
 "Process" today, then, is the means by which a defendant or his property is brought before a court and subjected to its jurisdiction. Proper service of process gives a court power to render a judgment which will satisfy "due process" under the 14th amendment of the federal constitution and equivalent provisions of the Connecticut constitution and which will be entitled to recognition under the "full faith and credit" clause of the federal constitution.
 All process involves a reasonable attempt to give notice to the defendant of the pendency of an action against him or his property. But notice alone is not enough.
Due process notice is accomplished by requiring that the complaint — which relates the legal claim and the factual basis for it — be part of the Mesne process. But as Stephenson says, notice is not "enough." Why? What is "enough"? What more is required beyond the complaint? Hillman provides the answer. The summons instructs an appropriate officer to make service. The summons or some part of the process served on the defendant must give fairly detailed instructions as to the defendant's rights and obligations upon being sued. The summons tells the defendant where the court is and informs the defendant of the return date which triggers certain obligations as to pleading. The defendant is told that an appearance should be filed and why, that he or she can talk to an attorney, that any insurance representative should be contacted immediately.
Were the common-law purposes of Mesne process accomplished in this case? As noted, the problem here is that on the form summons Donna Coburn is listed as "First Named Plaintiff." William Coburn is not typed in. However, the complaint which is attached to the summons is headed Donna Coburn and William Coburn versus the various defendants. On the summons below the "Notice to Each Defendant," the lawyer dated and signed the document. Immediately after that, the following words appear in bold type and capitalized "FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:" (Emphasis added.) Again, the lawyer for the plaintiff signed the document and the "(S)" is not crossed out. Right above his signature, there is a box that says, "Name and Address of Person Recognized to Prosecute in the CT Page 1591 amount of $250." The lawyer had typed in "See attached recognizance." The recognizance, in fact, appears after the complaint. At the top left, the return date is typed in — the same one as on the summons and the heading on the recognizance states "Donna Coburn and William Coburn" versus the various defendants. The complaint itself certainly complies with fact pleading requirements, setting forth the theory of liability and the facts on which it is based. The fourth count is labeled "WilliamCoburn v. Joseph Quaratella and Joan Abruzzese." The complaint is signed by the attorney for the plaintiff under the heading:
Return Date: August 27, 2002
The Plaintiffs, Donna Coburn and William Coburn
At the end of the complaint, it states in a Wherefore clause that "the Plaintiffs, Donna Coburn and William Coburn, hereby respectfully claim the following" —money damages and other "just and equitable relief" as appropriate. The document after the complaint is titled "Statement of Amount in Demand." Its heading lists the return date on the summons and both Donna and William Coburn versus the defendants. The body of the "statement" says, "The plaintiffs Donna Coburn and William Coburn hereby claim money damages, etc. The signature block says, "The plaintiffs" followed by Donna and William Coburn's names and the attorney also signed this document.
It is helpful to apply a Hillman analysis to the situation now before the court. Hillman, it must be remembered, rendered a common-law analysis of the requirements of Mesne process and held the trial court erred when it failed to dismiss the case before it for failure to meet the "jurisdictional prerequisite" of a writ of summons. But, as noted, in making its common-law analysis, the court said a writ of summons need not be "technically perfect" and examined the complaint to see if it could be said to have informed the defendant of rights and obligations that would otherwise have been included in the absent writ of summons. The court found the "cryptic complaint" before it did not measure up to the "jurisdictional prerequisite."
Here, the summons was a form generated by the court system, that, as previously discussed, laboriously related to the defendants their rights and obligations upon having been sued. To paraphrase Hillman even the "most obtuse" defendant could gather what his or her rights and obligations were. The complaint certainly gives due process notice of the legal theory being advanced and the factual basis for it. The only problem is that the summons did not list William Coburn's name. But for all the reasons previously stated — reference to the language of CT Page 1592 the summons, the complaint, the statement of amount in demand and the recognizance — would make it clear to even the most obtuse of defendants that William Coburn was a plaintiff making the demand on them which was factually described in the complaint.
Using the Hillman approach and studying all of the process served on the defendants, including the complaint, to determine whether the defendants in a practical sense were given notice and informed of their rights and obligations it is difficult to conclude anything but that the lapse in the summons here was anything more than a "circumstantial defect" not going to jurisdiction.
That being the case, the purposes sought to be accomplished by §52-123 would apply which states:
 52-123. Circumstantial Defects Not to Abate Pleadings. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
In fact, as noted in Rogozinski v. American Food Service Equip. Corp.,211 Conn. 431, 434 (1989), § 52-123 "is used to provide relief from defects in the text of the writ itself . . ."; Pack v. Burns,212 Conn. 381, 386 (1989), and as the Pack case further pointed out, if a circumstantial defect is involved, any amendment to correct it would relate back to the date of the service of the original writ,212 Conn. at p. 382, so there is no added problem presented here because the request to amend — if it even be necessary — was made after the limitations statute might have run.
But let us assume the foregoing analysis is incorrect and that the defect here is not circumstantial but jurisdictional. In Village Creek, there was no citation to the sheriff to make service. In Hillman, there was, in fact, no summons accompanying the otherwise inadequate complaint. Here, the plaintiff's name was left off the summons which is the very vehicle by which or pursuant to which the defendants are summoned to court. Let it be accepted as a given that what occurred here raises a jurisdictional defect otherwise requiring dismissal. Must the case then be dismissed? The legislature over the years passed a series of ameliorative statutes to relax common-law rules regarding service and Mesne process which in a particular case would otherwise require dismissal. Here, the plaintiff relies on § 52-72 which states in relevant part: CT Page 1593
 (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or for any other reason is defective . . .
In Hartford National Bank Trust Company v. Tucker, 178 Conn. 472
(1979), the court said of § 52-72:
 The purpose of this statute is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. 1 Stephenson, Connecticut Civil Procedure 106 (2d ed.).
Id. pp. 478-79.
It is true, however, that of the twelve appellate cases the court has found referring to § 52-72, none have applied the statute to anything other than defects in the return date or the return of process to court. In fact, in Coppola v. Coppola, 243 Conn. 657 (1998), the court said that: "The legislature, in enacting § 52-72, expressed an intent to reject the draconian result of dismissal of the plaintiff's cause of action because of a defect involving the return date." Id. p. 665.
But, a common sense reading of § 52-72 would seem to indicate it applies to matters beyond defective return of process — why use the disjunctive "or for any other reason defective." The legislature must be assumed to have a purpose when it uses language in a statute.
However, if § 52-72 can apply to jurisdictional defects not involving return of process how must cases like Village Creek andHillman be accommodated? Both cases held that the jurisdictional defects there which did not involve return of process could not be corrected by amendment. One answer can be that there are different levels of jurisdictional defects only some of which can be obviated by § 52-72. The legislature itself has recognized this principle by explicitly wording the statute to apply to defects in the return of process — fatal to jurisdiction in days of yore.
Thus, keeping in mind the purposes of Mesne process, some jurisdictional defects may not be amenable to correction under § 52-72. For example, if a party were to be served with a summons and no complaint or, as in Hillman, with a complaint absent a summons or any indication of the defendant's rights and obligations, due process concerns would be raised as to notice, which would bar even the operations of an ameliorative statute like § 52-72. Likewise, if, as in VillageCreek, there is not even a citation directing service of the process, the whole remainder of the process must be considered a nullity. Also, if a CT Page 1594 statutory cause of action is involved, such as § 13a-144, requiring suit against the Commissioner of Transportation, and a misnomer analysis cannot be applied to bar dismissal, where a completely unrelated state agency is actually served, then it would seem § 52-72 would not be applicable.
Here, however, for the reasons discussed by the court previously, the defect involved no prejudice to the defendants, could be obviated by simply reading all of the documents contained in the process actually served and is thus akin to a defect involving a mistake in the return of process which also does not substantially prejudice the defendants when corrected or seek to confer jurisdiction on the court of a type of matter which state statute or court opinion indicates a trial court has no competence to hear on the merits.
The court concludes therefore that if the defect involved here is not considered circumstantial, the plaintiff can still resort to § 52-72
to amend the summons. The court could only find two trial court opinions dealing with the problem of a summons claimed to be defective because of omission of a plaintiff's name. Both held § 52-72 could be applied to permit an amendment to the summons upon the filing of a motion to dismiss. Allen v. Freedman, 11 Conn.L.Rptr. 504, 1994 Ct. Sup. 4531
(DeMayo, J.); Ayala v. Kochanowsky, 1995 Ct. Sup. 626 (Allen, J.); also cf. Wylie v. Dept. of Correction, 28 Conn.L.Rptr. 435, 2000 Ct. Sup. 13420
(Licari, J.), applying § 52-123 and § 52-72 analysis where summons and process did not mention a return date at all.
Conclusion
The court denies the motion to dismiss. The court believes that in light of Hillman, the defect here should be regarded as circumstantial, not jurisdictional, when the complete process actually served is examined in full. Also, the court believes § 52-72 would apply if the defect is regarded not as circumstantial but jurisdictional and the defendant may amend the process pursuant to the requirements of § 52-72
subsection (b). If this view of the matter is taken, a statute of limitations problem may exist in this case. This issue was not briefed, however, and only mentioned in passing during oral argument.
In any event, the motion to dismiss is denied.[1]
 Corradino, J. 1/27/03